GENESEE PROSECUTOR v GENESEE CIRCUIT JUDGE

1. HOMICIDE—MANSLAUGHTER—LESSER INCLUDED OFFENSE—MURDER.

Manslaughter can be a lesser included offense of the crime of murder.

2. HOMICIDE—PLEA OF GUILTY—DISTRICT AND PROSECUTING ATTORNEYS—INFORMATION—MURDER—MANSLAUGHTER.

A defendant would, upon compliance with the guilty plea procedures, have the right, without the consent of the prosecutor who filed an information charging that defendant did *kill and murder*" the victim, to plead guilty to the charge of manslaughter as long as it was clear that, nevertheless, he must stand trial for murder.

3. CRIMINAL LAW—CIRCUIT COURTS—JURISDICTION—MAGISTRATE'S RETURN—PRELIMINARY EXAMINATION—WAIVER.

The circuit court acquires jurisdiction of a criminal prosecution upon the making of a proper return from the magistrate before whom the defendant had been examined or waived examination.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—MAGISTRATE'S RETURN—CIRCUIT COURTS—REVIEW—EVIDENCE—PROBABLE CAUSE—DISMISSAL—REMAND—DISTRICT AND PROSECUTING ATTORNEYS.

An examining magistrate's decision in binding a defendant over for trial is reviewable by a circuit judge and if such review indicates that the evidence did not tend both to show the commission of the crime charged and probable cause for charging the accused with its commission, the judge may grant a motion to dismiss or remand the cause to the examining magistrate for a further preliminary examination; similarly,

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 7.

[2, 7–9] 21 Am Jur 2d, Criminal Law §§ 487, 492–495.

40 Am Jur 2d, Homicide §§ 264, 471.

Duty of court, upon plea of guilty or nolo contendere to offense involving several degrees, to hear evidence to determine degree, 34 ALR2d 919.

[3–6] 21 Am Jur 2d, Criminal Law §§ 442, 443, 445.

the prosecutor may obtain review in the circuit court of a magistrate's dismissal of the charge.

5. Criminal Law—Preliminary Examination—Magistrate's Return—District and Prosecuting Attorneys—Indictment and Information—Nolle Prosequi—Discontinuance—Abandonment—Circuit Courts—Review—Record—Evidence.

The circuit judge, in deciding whether an examining magistrate acts properly in binding or in refusing to bind over an accused person and in deciding whether a prosecuting attorney acts properly in deciding not to file an information or in proposing to nolle prosequi, discontinue or abandon a prosecution, reviews the action of the magistrate and prosecuting attorney on the record made before the magistrate at the preliminary examination, and the prosecutor's statement of reasons and the evidence filed in the case; such review is a judicial review, searching the record to determine whether the magistrate's or prosecutor's decision is in accord with the law, facts and reason of the matter.

6. Courts—Circuit Courts—District and Prosecuting Attorneys—Magistrate's Return—Abuse of Discretion—Review—Record.

A circuit judge does not enjoy supervisory power over a prosecuting attorney; he may reverse a magistrate's decision only for abuse of discretion, he may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney, and he may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them.

7. Criminal Law—District and Prosecuting Attorneys—Plea of Guilty—Authorization of Plea—Homicide—Manslaughter—Murder—Preliminary Examination—Evidence.

A prosecutor did not exceed his power in refusing to authorize a plea of guilty to manslaughter where a defendant was bound over after a preliminary examination to stand trial for murder on evidence that he shot and killed the victim following an argument and testimony tended to show that the defendant shot the victim once while the victim was standing and a second time five seconds after he had fallen to the ground.

8. CRIMINAL LAW—DOUBLE JEOPARDY—DISTRICT AND PROSECUTING ATTORNEYS—PLEA OF GUILTY—ACCEPTANCE OF PLEA—LESSER INCLUDED OFFENSE—HOMICIDE—MURDER—MANSLAUGHTER—INDICTMENT AND INFORMATION—APPEAL AND ERROR—COURT RULES.

There is no double jeopardy issue as the defendant has not been tried for murder where a circuit judge accepted, over the prosecutor's objection, defendant's plea of guilty to manslaughter, a lesser included offense to murder as charged in the information, and the prosecutor sought appellate relief from the judge's acceptance of the plea; the policy considerations which govern when the defendant appeals contending that his plea of guilty was accepted without complying with a court rule regarding criminal procedure are not applicable when it is the prosecutor who is seeking appellate relief (GCR 1963, 785).

9. HOMICIDE—MURDER—MANSLAUGHTER—PLEA OF GUILTY—SUPERINTENDING CONTROL.

Superintending control should be granted and defendant's plea of guilty to the offense of manslaughter and the sentence imposed set aside and the cause remanded for trial on the information charging him with the offenses of manslaughter and murder where, over the prosecutor's objection, the judge accepted defendant's plea of guilty to the offense of manslaughter.

Appeal from Court of Appeals, Division 2, Bronson, P. J., and Quinn and Danhof, JJ., dismissing complaint for superintending control over Genesee Circuit Court, Elza H. Papp, J. Submitted January 8, 1974. (No. 11 January Term 1974, Docket No. 54,724.) Decided February 14, 1974.

Complaint by the People of Michigan in the Court of Appeals for superintending control against Genesee County Circuit Judge Elza H. Papp to quash her action in accepting a plea of guilty to a lesser included offense, directing the defendant judge to vacate the plea and sentence, and to reinstate criminal proceedings based on the information. Complaint dismissed. The people appeal. Superintending control granted, plea and sentence set aside and remanded for trial.

*Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

*Richard P. Banas,* for defendant.

LEVIN, J. In *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684–685; 194 NW2d 693 (1972), this Court held that a trial judge does not have authority, over the objection of the prosecutor, to accept a plea of guilty to an offense not charged in the information and that the judge had erred in allowing a defendant charged with possession of a stolen motor vehicle[1] to plead guilty over the objection of the prosecutor to the offense of unlawfully driving away an automobile.[2] The Court stated that it did not wish to be understood as expressing an "opinion on the propriety of accepting a plea over the objection of the prosecutor where both offenses are charged by the prosecutor, nor do we express an opinion on the propriety of accepting a plea over the objection of the prosecutor to an offense which *is* a lesser included offense". (Emphasis by the Court.)

The questions reserved in the cited case are now before us. After a preliminary examination an information was filed charging that John Edward Hoskins did "kill and murder" another person. Over the prosecutor's objection the judge accepted Hoskins' plea of guilty to the offense of manslaughter.

The prosecutor sought a writ of superintending control from the Court of Appeals, which refused to grant the writ. We granted leave to appeal.

[1] MCLA 257.254; MSA 9.1954.
[2] MCLA 750.413; MSA 28.645.

When the matter was argued in the trial court the parties were in agreement that because of the use of the word "kill", the information charged the crime of manslaughter as well as of murder.[3] Manslaughter can also be a lesser included offense of the crime of murder. Accordingly, this case raises both the question whether, over the prosecutor's objection, a judge may accept a plea of guilty to one count of a multi-count information and the question whether, over objection, a judge may accept a plea of guilty to a lesser included offense.

Implicit in this controversy is Hoskins' expectation that if his plea of guilty to manslaughter was accepted he would not stand trial for murder; Hoskins would, upon compliance with the guilty plea procedures, have the right, without the consent of the prosecutor, to plead guilty to the charge of manslaughter as long as it was clear that, nevertheless, he must stand trial for murder.

I

The circuit court acquires jurisdiction of a criminal prosecution "upon the making of a proper return from the magistrate before whom the defendant had been examined or waived examination". *People v Curtis,* 389 Mich 698, 707; 209 NW2d 243 (1973).

The magistrate's decision is reviewable by a circuit judge.[4] If such review indicates that the evidence did not tend both to show the commission of the crime charged and probable cause for charging the accused with its commission,[5] the judge

---

[3] *See* MCLA 767.44; MSA 28.984.

[4] *People v Karcher,* 322 Mich 158, 162; 33 NW2d 744 (1948).

[5] *People v Charles D. Walker,* 385 Mich 565, 573; 189 NW2d 234 (1971); MCLA 766.13; MSA 28.931.

may grant a motion to dismiss[6] or remand the cause to the examining magistrate for a further preliminary examination.[7] Similarly, the prosecutor may obtain review in the circuit court of a magistrate's dismissal of the charge.[8]

Also relevant are the provisions of the Code of Criminal Procedure imposing on the prosecutor the duty, following the preliminary examination, "to make full examination of all the facts and circumstances connected with" the case, and requiring, if he determines that an information ought not to be filed, that he file with the clerk of the court a statement in writing containing "his reasons in fact and in law". The judge may then examine the statement "together with the evidence filed in the case" and if he is not "satisfied with said statement" the prosecuting attorney "shall be directed" to file "the proper information and bring the case to trial".[9]

It is also provided that, once an information has been filed, it shall not be lawful for the prosecuting attorney to enter a nolle prosequi "or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes".[10]

---

[6] *Barnard v Judge of Superior Court of Grand Rapids,* 199 Mich 227, 233; 165 NW 833 (1917).

[7] *People v Miklovich,* 375 Mich 536; 134 NW2d 720 (1965).

[8] *People v Paille #1,* 383 Mich 605; 178 NW2d 469 (1970); *People v Paille #2,* 383 Mich 621; 178 NW2d 465 (1970).

[9] MCLA 767.41; MSA 28.981.

[10] MCLA 767.29; MSA 28.969. This statute discusses the obligations of a prosecuting attorney "upon any indictment". MCLA 750.10; MSA 28.200 provides that "[t]he word 'indictment' includes information". MCLA 767.2; MSA 28.942 provides that all provisions of law applicable to prosecutions upon indictment shall in general apply to prosecutions by information.

In deciding whether an examining magistrate acts properly in binding or in refusing to bind over an accused person, and in deciding whether a prosecuting attorney acts properly in deciding not to file an information or in proposing to nolle prosequi, discontinue or abandon a prosecution, the circuit judge reviews the action of the magistrate and prosecuting attorney on the record—the record made before the magistrate at the preliminary examination, and the prosecutor's statement of reasons and "the evidence filed in the case". Such review is a judicial review, searching the record to determine whether the magistrate's or prosecutor's decision is in accord with the law, facts and reason of the matter.

A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion.[11] He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them.[12]

---

[11] *People v Dellabonda,* 265 Mich 486, 491; 251 NW 594, 595 (1933).

[12] In *People v Curtis,* 389 Mich 698, 711; 209 NW2d 243 (1973), the defendant was charged with the sale of marijuana. At the preliminary examination, as a result of plea bargaining, the prosecutor moved to amend the complaint by adding a second count charging unlawful possession and to nolle prosequi the sale count. The motion was granted and the defendant, waiving examination, was bound over to the circuit court on the charge of possession only.

We held that the circuit court did not acquire jurisdiction until a return was filed by the magistrate and that MCLA 767.29; MSA 28.969, requiring leave of the circuit court before a nolle prosequi may be filed, applies only after an indictment or information is filed with that court, and that the defendant, having waived examination, the circuit court's jurisdiction was limited to the offense specified in the return of the examining magistrate.

We said that while a circuit court may, through the exercise of its

Hoskins was bound over after a preliminary examination on evidence that he shot and killed the victim following an argument. The testimony tended to show that Hoskins shot the victim once while the victim was standing and a second time five seconds after he had fallen to the ground. The prosecutor was willing to accept a plea of guilty to second-degree murder.[13] The prosecutor did not exceed his power in refusing to authorize a plea of guilty to manslaughter.[14]

## II

In *People v McMiller,* 389 Mich 425, 432; 208 NW2d 451 (1973), we held that if the procedures prescribed in GCR 1963, 785 are not followed in accepting a plea of guilty and on that account the conviction is reversed on appeal, on remand the defendant may not be prosecuted for a higher offense arising out of the same transaction. We so held for policy reasons to encourage compliance with the procedures prescribed by the court rule:

"Allowing trial on a higher charge following reversal

power of superintending control, review a district judge's exercise of discretion in allowing a prosecuting attorney to nolle prosequi a count of a complaint, unless it "plainly appears that the district court failed to take into consideration actions by the prosecuting attorney which might amount to malfeasance of his duties in the prosecution of a case, when granting a dismissal or nolle prosequi of a case, such a remedy should not be undertaken by the higher court". *People v Curtis, supra,* p 711.

[13] In binding Hoskins over the magistrate said that he found evidence of premeditation. The information was in the form of a so-called "open" charge of murder, *i.e.,* it did not expressly charge that the crime committed was first-degree murder. In resisting the proffered plea of manslaughter the prosecutor argued that first-degree murder would be a possible verdict at a trial.

[14] *See* White, *A Proposal for Reform of the Plea Bargaining Process,* 119 U Pa L Rev 439, 463 (1971); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 3.1(c), p 68 (Approved draft, 1968).

of a plea-based conviction of a lesser offense would (1) discourage exercise of the defendant's right to appeal a conviction claimed to be based on an improperly accepted plea, and (2) tend to insulate from appellate scrutiny non-compliance with the guilty plea procedure established by the statute and the court rule."

We said we perceived no double jeopardy issue as "McMiller was never in peril of being convicted and punished for murder [the higher charge]. He has not 'run the gantlet' on that charge." *People v McMiller, supra,* p 431.

So, too, here, there is no double jeopardy issue as Hoskins has not been tried for murder. The policy considerations which govern when the defendant appeals contending that his plea of guilty was accepted without complying with the court rule are not applicable when it is the prosecutor who is seeking appellate relief. *McMiller* does not bar trying Hoskins on the murder charge.

The complaint for a writ of superintending control is granted. Hoskins' plea of guilty to the offense of manslaughter and the sentence imposed are set aside and the cause is remanded for trial on the information charging him with the offenses of manslaughter and murder.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with LEVIN, J.