PEOPLE v DANSARD

Docket No. 30803. Submitted April 13, 1978, at Detroit.—Decided
    September 5, 1978. Leave to appeal applied for.

Robert T. Dansard, III, was convicted of larceny over $100. On
    the day set for trial a variance was noted between the statutory
    description of the crime and the information under which the
    defendant was charged. The case was, therefore, remanded to
    district court for correction of the information and a proper
    return, which were subsequently filed. Thereafter, but prior to
    calling the selected jury into the courtroom to be sworn, the
    prosecutor moved to enter a nolle prosequi based on the fact
    that the defendant had entered a plea to a lesser included
    misdemeanor in the district court earlier that day, but subse-
    quent to the filing of the information and return with the
    circuit court. The Monroe Circuit Court, James J. Kelley, Jr.,
    J., denied the prosecutor's motion and the trial proceeded
    resulting in the defendant's conviction. Defendant appeals.
    Held:

    Exclusive jurisdiction of the case had vested in the circuit
    court at the time the motion for the nolle prosequi was made.
    The district court had no jurisdiction to accept the guilty plea.
    A circuit judge does not enjoy supervisory power over a prose-
    cuting attorney. The prosecutor did not abuse the power con-
    fided to him in seeking a nolle prosequi under the circum-
    stances of this case. The trial court abused its discretion in
    denying the prosecutor's motion to enter a nolle prosequi where
    it was aware of a lack of competing considerations since the
    jury had not yet been sworn and, therefore, jeopardy had not
    yet attached.

    Reversed and remanded.

    BASHARA, J., dissents and would hold that, since exclusive
    jurisdiction of this case was vested in the circuit court, the
    guilty plea was entered in a tribunal without jurisdiction and

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 20 Am Jur 2d, Courts §§ 111–117.
    21 Am Jur 2d, Criminal Law § 512 et seq.
[3] 21 Am Jur 2d, Criminal Law §§ 175, 176.

was, therefore, a nullity. Since the guilty plea was without legal effect, the trial court had a proper basis upon which to deny the prosecutor's motion for a nolle prosequi.

OPINION OF THE COURT

1. COURTS—CIRCUIT COURTS—DISTRICT AND PROSECUTING ATTORNEYS —MAGISTRATE'S DECISION—ABUSE OF DISCRETION—REVIEW— RECORD.

A circuit judge does not enjoy supervisory power over a prosecuting attorney; he may reverse a magistrate's decision only for abuse of discretion, he may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney, and he may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them.

2. CRIMINAL LAW—PROSECUTORS—NOLLE PROSEQUI MOTIONS—INFORMATIONS—RECORD—LEAVE OF COURT—JURISDICTION.

A prosecutor may not enter a nolle prosequi, once an information has been filed, or in any other way discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes.

3. CRIMINAL LAW—JEOPARDY—ATTACHMENT OF JEOPARDY.

A criminal defendant is placed in jeopardy once the jury is impaneled and sworn.

4. APPEAL AND ERROR—CIRCUIT COURTS—DISTRICT COURTS—ABUSE OF DISCRETION—LARCENY—NOLLE PROSEQUI—LESSER INCLUDED MISDEMEANORS—GUILTY PLEAS—JURISDICTION—PROSECUTORS— ABUSE OF POWER—LEAVE OF COURT—COMPETING CONSIDERATIONS—JURY—JEOPARDY.

A circuit court abused its discretion, in a trial for larceny over $100, in denying a prosecutor's motion for a nolle prosequi which was based on the fact that the defendant had entered a plea to a lesser included misdemeanor in a district court earlier that day because the district court had no jurisdiction to accept the defendant's guilty plea, and the exclusive jurisdiction of the case was vested in the circuit court when the motion was made, and the prosecutor did not abuse the power confided to him in requesting such a motion, where he stated his reasons for

requesting the motion on the record and sought the leave of the court, and where the circuit court was aware of the absence of competing considerations since the jury had not yet been sworn and thus jeopardy had not attached.

DISSENT BY BASHARA, J.

5. APPEAL AND ERROR—CIRCUIT COURTS—DISTRICT COURTS—NOLLE PROSEQUI—LARCENY—LESSER INCLUDED MISDEMEANORS—PLEAS —JURISDICTION OF COURT.

*A circuit court had a proper basis upon which to deny a prosecutor's motion for a nolle prosequi, in a trial for larceny over $100, where the motion was based on the fact that the defendant had entered a plea to a lesser included misdemeanor in a district court earlier that day but subsequent to the filing of the information and return in the circuit court, and where that filing of the information and return vested exclusive jurisdiction of the case in the circuit court, and consequently, the guilty plea was entered in a tribunal without jurisdiction and was a nullity.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael LaBeau,* Prosecuting Attorney, and *James S. Soltesz,* Special Assistant Prosecuting Attorney, for the people.

*James H. Davies,* for defendant.

Before: T. M. BURNS, P. J., and N. J. KAUFMAN and BASHARA, JJ.

PER CURIAM. The facts are well-stated in the dissenting opinion. Contrary to that opinion, we hold that the trial court abused its discretion in denying the prosecutor's motion to enter a nolle prosequi.

We agree with the dissenting opinion that at the time the motion was made, exclusive jurisdiction of this case had vested in the circuit court. We further agree that the district court had no juris-

diction to accept defendant's guilty plea.[1] Nevertheless, "[a] circuit judge does not enjoy supervisory power over a prosecuting attorney". *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974). There, the Supreme Court noted:

" * * * once an information has been filed, it shall not be lawful for the prosecuting attorney to enter a nolle prosequi 'or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes'.[10]"

---

"[10] MCLA 767.29; MSA 28.969.* * * " 391 Mich at 120.

That Court further noted:

"A circuit judge * * * may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." (Footnotes omitted.) 391 Mich at 121.

In this case, the prosecutor did state his reasons and did ask leave of the trial court. From our review of the record, we find that the prosecutor did not abuse the power confided to him. It must be remembered that "the prosecutor is the chief law enforcement officer of the county * * * ". *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972). It may well

---

[1] In so stating, we impugn no fault on the district court. All the parties were before it, and it did not know that the matter had already been commenced in circuit court.

be that the prosecutor felt that the interests of justice would be best served by having defendant plead guilty to the lesser included misdemeanor in district court. Under the dissent's reasoning, once jurisdiction vested in the circuit court, the prosecutor would be precluded from so doing.

This is not to suggest that the circuit court has no interest in this matter whatsoever. On the contrary, the circuit court still must prevent any possible miscarriage of justice. Most prominently, it should insure that no double jeopardy violation arises from the granting of a nolle prosequi motion. No such consideration presented itself here. As noted in *People v Gardner,* 37 Mich App 520, 525; 195 NW2d 62 (1972), *lv den* 387 Mich 771 (1972), "a defendant is placed in jeopardy once the jury is impaneled and sworn". Significantly, when considering the motion, the trial court stated, "I did not swear the Jury, you'll notice". Aware of the absence of competing considerations, the trial court, therefore, abused its discretion in denying the prosecutor's motion.

Defendant's conviction is reversed and this case is remanded to the circuit court. The circuit court is directed to grant the prosecutor's motion for nolle prosequi or, with the consent of the prosecutor, to accept defendant's guilty plea on the lesser included offense.

Reversed and remanded.

BASHARA, J. *(dissenting).* Defendant appeals his conviction by a jury of larceny over $100. MCL 750.356; MSA 28.588.

On the day set for trial a variance was noted between the statutory description of the crime and the information under which defendant was charged. The case was remanded to the district

court for correction of the information and a proper return. After numerous efforts, an information and return satisfactory to the trial court were filed.

Prior to calling the selected jury into the courtroom, the prosecutor moved to enter a nolle prosequi. As the basis for that motion, the prosecutor stated that defendant had entered a plea to a lesser included misdemeanor in the district court earlier that day, but subsequent to filing the information and return with the trial court. The motion was denied, and the trial proceeded.

Defendant contends that his constitutional immunity from double jeopardy barred trial on the felony charge after he entered a plea in the district court to a lesser included misdemeanor for the same criminal transaction. He, therefore, maintains that the trial court abused its discretion in denying the prosecutor's motion to enter a nolle prosequi.

The theory advanced by defendant presupposes that the guilty plea entered with the district court was effective as a conviction. However, it is my opinion that the previous filing of the information and return vested exclusive jurisdiction of the case in the circuit court. *People v Hanrahan,* 75 Mich 611, 628; 42 NW 1124 (1889), *People v White,* 41 Mich App 370, 380; 200 NW2d 326 (1972). Consequently, the guilty plea was entered in a tribunal without jurisdiction and was a nullity.

Since the guilty plea was without legal effect, the trial court had a proper basis upon which to deny the prosecutor's motion for a nolle prosequi. MCL 767.29; MSA 28.969. I conclude that the trial court properly required the case to proceed to trial.

I would affirm the conviction.