*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

KEVIN THEODORE WILSON,

       Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 358389
Calhoun Circuit Court
LC No. 2020-001489-FH

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

The prosecution appeals as of right the dismissal with prejudice of a possession of child sexually abusive material charge, MCL 750.145c(4)(a), against defendant. The trial court denied the prosecution's motion for a *nolle prosequi* and motion to remand and dismissed the case with prejudice. We reverse.

## I. FACTUAL BACKGROUND

The facts underlying this appeal are not contested. In June 2020, the prosecution charged defendant with possession of child sexually abusive material arising from images recovered from defendant's personal devices. Defendant waived a preliminary examination. Defendant was released on bond pending trial.

In July 2021, defendant rejected the prosecution's plea offer, so a jury trial was scheduled for August 2021. In advance of trial, the prosecution filed a notice of intent to call several witnesses, including the lead and secondary detectives who heard defendant's confession. The day before trial was scheduled to begin, the prosecution requested an adjournment because two of its witnesses, the lead and secondary detectives, were going to be unavailable the following week because of employment training. The trial court concluded that this reason for unavailability was an insufficient basis for an adjournment and denied the prosecution's request for an adjournment. The trial court reasoned that the prosecution can either bring the law enforcement officers back from training or have the law enforcement officers not attend training because they had a subpoena for trial.

The morning of trial, the prosecution informed the trial court that it would not be proceeding with trial and would be filing a motion for a *nolle prosequi*. The prosecution decided to let the law enforcement officers attend training, so it could not proceed, in part, because the law enforcement officers would not be available for the trial. In the alternative, the prosecution raised a motion to remand. The trial court pointed out how the prosecution "decided on the eve of trial that [it] wanted to enhance the charges."

To begin its ruling, the trial court discussed an unpublished opinion from the Court of Appeals, which changed how the trial court thought about the prosecution filing a *nolle prosequi* on the eve of trial. In discussing the unpublished opinion, the trial court incorrectly stated that it was a published opinion from this Court. The trial court denied the prosecution's motion for a *nolle prosequi* and motion to remand, and dismissed the case with prejudice. Afterward, the trial court issued an order that stated "pursuant to [its] decision in this matter" and the unpublished opinion cited during the trial court's oral ruling, "this case [is] dismissed WITH prejudice."

The prosecution now appeals.

## II. PRESERVATION OF ISSUE

To properly preserve an issue for appeal, it must be raised before, and addressed and decided by, the trial court. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). The prosecution raised the matter in its motion for a *nolle prosequi* and its motion to remand before the trial court. The trial court addressed and denied both the prosecution's motion for a *nolle prosequi* and to remand and dismissed the case with prejudice. The prosecution has preserved this issue for appeal.

## III. STANDARD OF REVIEW

"A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). A trial court necessarily abuses its discretion when it makes an error of law. *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). A trial court abuses its discretion when it premises its decision on a misunderstanding of controlling legal principles or when it fails to exercise discretion when called on to do so. *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990); *People v Cress*, 250 Mich App 110, 149; 645 NW2d 669 (2002), rev'd on other grounds 468 Mich 678 (2003).

This Court reviews a trial court's ruling regarding a motion to dismiss, including a motion for *nolle prosequi*, for an abuse of discretion. *People v Grove*, 455 Mich 439, 460; 566 NW2d 547 (1997), superseded by court rule on other grounds as stated in *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012); *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). This Court reviews a trial court's decision regarding a motion to remand to the district court also for an abuse of discretion. *People v Jones*, 252 Mich App 1, 4; 650 NW2d 717 (2002).

A trial court possesses the inherent authority to sanction litigants and their counsel; including the right to dismiss an action. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719

NW2d 809 (2006).  This Court reviews a trial court's dismissal of a case as an exercise of this power for an abuse of discretion.  *Id.*

## IV.  ANALYSIS

### A.  MOTION FOR A *NOLLE PROSEQUI*

The prosecution states that the separation-of-powers doctrine shields a *nolle prosequi* decision from judicial veto unless entering the order would be unconstitutional, illegal, or ultra vires.  The prosecution also states that the trial court made an error of law by believing the unpublished opinion mandated the denial of the prosecution's motion for a *nolle prosequi*.  Between the prosecution not acting in a manner that was unconstitutional, illegal, or ultra vires and the trial court incorrectly applying legal principles and authority, the prosecution argues the trial court abused its discretion when it denied the prosecution's motion for a *nolle prosequi*.  We agree.

> A prosecuting attorney shall not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court having jurisdiction to try the offense charged entered in its minutes.  [MCL 767.29.]

In regard to the prosecution's motion to dismiss, the decision is within the prosecution's discretion to proceed to trial or to dismiss a case.  See *People v Morrow*, 214 Mich App 158, 165; 542 NW2d 324 (1995).  In deciding whether a prosecuting attorney acted properly in proposing to *nolle prosequi*, discontinue, or abandon a prosecution, the trial court must review the prosecutor's statement of reasons and the evidence filed in the case.  *Genesee Co Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974).  Such a review is a judicial review, searching the record to determine whether the prosecutor's decision is in accord with the law, facts, and reason of the matter.  *Id.*  A trial court may not substitute its judgment for that of the prosecuting attorney as if it were acting in a supervisory capacity.  *Id.*

"Unless the prosecution acts in a manner that is unconstitutional, illegal, or ultra vires, the prosecution's decision to proceed to trial or dismiss the case is exempt from judicial review pursuant to the separation of powers doctrine."  *Jones*, 252 Mich App at 10.  A circuit court may reverse or revise the prosecution's decisions only if it appears on the record that it has abused the power confided to it.  *Genesee Co Prosecutor*, 391 Mich at 121.

We are not persuaded that the prosecution abused the power entrusted to it in moving for a *nolle prosequi* even if it did so in light of the trial court's denial of the motion to adjourn trial.  Rather, we find the trial court's denial of the motion to adjourn the trial to be an abuse of discretion in this case.  First, the reason for the adjournment was eminently reasonable—the need of two police witnesses to attend training.  If recent events have demonstrated anything, it is that proper police training is a societal good of tremendous value.  Any additional police training should be encouraged, not discouraged or penalized.  Second, this is not a case in which there were already multiple adjournments.  We certainly would understand where trial has been adjourned a number of times and the trial judge finally says "Enough is enough."  But here the trial judge in effect said

that one adjournment is too much. Once may be enough, but it is certainly not too much where there is a valid reason for the request.

Further, a *nolle prosequi* would not have unfairly prejudiced defendant. Had the trial court simply granted the motion to adjourn, defendant would simply have remained free on bond until the rescheduled trial. Defendant offers no reason why a short delay in the trial would have prejudiced his ability to present a defense.

The prosecution further argues that the trial court abused its discretion when denying the motion for a *nolle prosequi* because it cited the unpublished opinion, which the trial court mistakenly believed was a published opinion from this Court. An unpublished opinion is not binding under the rule of stare of decisis, but when the caselaw is limited, this Court can view these opinions as persuasive. MCR 7.215(C)(1); *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004).

"If a party cites an unpublished opinion, the party shall explain the reason for citing it and how it is relevant to the issues presented." MCR 7.215(C)(1). However, if a trial court fails to exercise its discretion when it has an affirmative obligation to do so, then its abdication to do so constitutes an abuse of discretion. *Stafford*, 434 Mich at 134 n 4. For example, a trial court fails to exercise discretion when it believes something is mandatory because of a mistaken belief about the law, when, in reality, the decision is discretionary. See *People v Green*, 205 Mich App 342, 346-347; 205 NW2d 782 (1994).

It is not entirely clear from the record whether the trial court followed the unpublished opinion because the court found it persuasive or whether it felt obligated to follow the opinion because of the trial court's mistaken belief that it was published. Accordingly, even if we were not persuaded that the trial court abused its discretion in denying the prosecution's motions, at a minimum it would be necessary to vacate the trial court's order and remand the matter to the trial court for reconsideration in light of the fact that the opinion that it relied upon was unpublished.

## B. MOTION TO REMAND

When the trial court denied the prosecution's motion for a *nolle prosequi*, the prosecution argues that the trial court should have then granted its motion to remand. The prosecution neglects to provide any authority to argue this issue but still argues that the trial court abused its discretion when it denied the prosecution's motion to remand. We disagree. The prosecutor's failure to provide supporting authority for this argument could be seen as an abandonment of the issue. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). We will nonetheless address this issue.

"Jurisdiction of a criminal defendant is acquired by the circuit court upon the filing . . . of the return of the magistrate before whom [the defendant] had waived preliminary examination, or before whom the defendant had been examined." *People v Johnson*, 427 Mich 98, 107 n 7; 398 NW2d 219 (1986) (quotation marks and citations omitted; alterations by *Johnson* Court). Once a circuit court has obtained jurisdiction, it may remand to the district court to enable the prosecution to present additional evidence. See *People v Staffney*, 187 Mich App 660, 662; 468 NW2d 238 (1991).

In this case, the trial court denied the prosecution's motion to remand because of two reasons: (1) the prosecution had a substantial amount of time to add more charges before bringing its motion to remand on the eve of trial, and (2) the trial court did not want to give the impression that defendant was being punished for his decision to not plea, finding that the prosecution's motion to remand was raised only after the prosecution brought up the fact that defendant rejected the prosecution's plea offer.

The first time the prosecution mentions additional charges is on the day of trial and in the alternative to its motion for a *nolle prosequi*. The day after the trial court denied its motion for an adjournment, the prosecution raised its motion for a *nolle prosequi*, which, if granted, would ultimately prevent the trial from continuing, like an adjournment. In the alternative, the prosecution raised its motion to remand.

When arguing for both motions, the prosecution brought up defendant's failure to plea. The prosecution reminded the trial court that "this case was bound over to Circuit Court based on a plea agreement between the parties and no further charges would be brought if the [d]efendant would plead as charged for possible time served" but defendant failed to plea. Instead, the trial court deduced the prosecution wanted "to up the charges now and go back to District Court[,] punishing [defendant] for not taking the plea agreement."

While the trial court would be understandably concerned with a situation where a prosecutor wanted to file additional charges in response to a defendant declining a plea offer, that is not the case here. It was part of a plea agreement that no additional charges would be filed if defendant agreed to plead guilty to the charges upon which he was bound over. Because defendant ultimately did not comply with that plea agreement, the prosecution was free to file any additional charges that were appropriate.[1]

## V. CONCLUSION

We conclude that the trial court abused its discretion by denying the prosecution's motion for a *nolle prosequi*, denying the prosecution's motion to remand, and dismissing the case with prejudice.

Reversed.

/s/ David H. Sawyer
/s/ Jane E. Markey

---

[1] Alternatively, unless there would be an issue of double jeopardy, an issue that is not before us, it is not clear to us why the prosecution would have needed a motion to remand after the dismissal rather than merely filing new charges against defendant for the uncharged offenses.