*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOHN DOUGLAS PLAIN,

        Defendant-Appellee.

UNPUBLISHED
September 14, 2023

No. 363297
Tuscola Circuit Court
LC No. 2022-015714-FH

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

John Douglas Plain shoved his girlfriend during an argument, and later that same day entered her home without her permission to apologize. The prosecution charged him with first-degree home invasion and domestic violence. Plain tried to enter a negotiated no-contest plea to domestic violence and second-degree home invasion, but the circuit court refused to accept it. Plain subsequently attempted to plead guilty, but the court rejected his plea because he could not establish a factual basis for second-degree home invasion.

Plain then consented to a bench trial. Two days before trial, the prosecution moved to amend the information to allege third-degree home invasion, and Plain again agreed to accept a proposed plea deal. When the court refused the prosecution's request to amend the information, the prosecution moved for the entry of a *nolle prosequi* without prejudice, which the court also denied. The prosecution appeals both decisions.

Plain repeatedly tried to accept responsibility for what he had done, and by reducing the severity of the home invasion charge, the prosecution acted in good faith. The obstacles placed in the parties' path to a resolution of this case were unreasonable and, with respect to the prosecution's request to amend the information, legally unsound. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

On Christmas Eve in 2021, Plain and his girlfriend argued in her home and he shoved her. Plain left. Later that evening he returned and entered the home through a closed window "to try to resolve things." His girlfriend called the police.

The prosecutor charged Plain with one count of first-degree home invasion, MCL 750.110a(3), and one count of domestic violence, MCL 750.81(2). Before a contemplated no-contest plea hearing, the prosecution amended the information by adding a count of second-degree home invasion. Plain agreed to enter a no-contest plea to second-degree home invasion and domestic violence with a negotiated sentence capping any term of imprisonment at one year.

According to the parties, but not reflected in the transcripts, on the day of the plea hearing the judge announced that she had a "new policy" of refusing to accept no-contest pleas.[1] Plain then agreed to plead guilty. But his factual description of the home invasion omitted any mention of an intent to commit a felony or misdemeanor in the home. After speaking privately with Plain, counsel advised that Plain's intent when he entered the home was to apologize, not to commit an assault or any other crime. Plain and the prosecution together decided on a bench trial.

On the day before the bench trial, Plain filed an "emergency motion for plea entry," asserting that "an amended offer came from the Prosecutor's Office and Defendant would like to accept that amended offer and enter a plea prior to trial." But Plain's effort to put his legal woes behind him was thwarted once again. A visiting judge refused to allow the prosecution to amend the information by adding a count of third-degree home invasion, MCL 750.110a(4), despite defense counsel's concurrence: "Your Honor, at this point I wouldn't oppose that amendment. It's a - - it's a lesser -- it's a 5-year felony as opposed to the - - the 20-year felony." The court rejected the parties' deal, ruling:

> In this case, we're ready to start the trial here this morning. And although the defendant doesn't object, it certainly is a very late time to add any additional charges. So, pursuant to the Court's discretion, and [MCR] 6.112(h), the Court denies that request.

The prosecutor immediately moved for a *nolle prosequi* without prejudice. Defense counsel concurred, stating, "I would certainly never oppose a dismissal on behalf of my client, your Honor." The court declared that it would issue a written opinion.

The court's opinion denying the motion for *nolle prosequi* without prejudice and ordering dismissal of the charges with prejudice rested on this Court's opinion in *People v Borowka*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2019 (Docket No. 346398). Comparing the case before it to *Borowka*, the court found that "the prosecution is

---

[1] The parties' discussion with the court regarding this "policy" occurred off the record. Had this "policy" been explained on the record or raised as an issue on appeal, we would address it in greater detail. On remand, we suggest to the trial court that a blanket refusal to accept no-contest pleas likely contravenes MCR 6.301(A).

attempting to circumvent the Court's inherent authority over its docket and management of its courtroom." The Court continued, "Additionally, the Court possesses the inherent authority to sanction litigants and their counsel, including the right to dismiss an action. . . . Allowing the People to reissue the charges against Defendant would not only condone the People's attempt to circumvent the orders and schedule of the Court, but it would also prejudice the Defendant."

The prosecution now appeals.

## II. ANALYSIS

### A. THE PROSECUTION'S MOTION TO AMEND THE INFORMATION

The prosecution contends that the circuit court abused its discretion by denying its motion to file a second amended information. Because the motion was timely filed, met with no objection from Plain, was permitted by the Michigan Court Rules and applicable statutes, did not create unfair prejudice, and conformed the charges to the expected proofs at trial, the prosecution is correct.

We review for an abuse of discretion a trial court's decision to deny a motion to amend an information. *People v Perry*, 317 Mich App 589, 594; 895 NW2d 216 (2016). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*.

A statute and a court rule allow for the amendment of an information before trial as long as the amendment does not unfairly surprise or prejudice a defendant. MCL 767.76 provides that "[t]he court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence." MCR 6.112(H) states in relevant part: "The court before, during, or after trial may permit the prosecutor to amend the information or the notice of intent to seek enhanced sentence unless the proposed amendment would unfairly surprise or prejudice the defendant . . . ."[2]

No evidence of unfair surprise or prejudice exists here. To the contrary, defense counsel and the prosecutor had worked out a plea deal; the prosecutor alluded to this when he argued that an amendment would further "the interest of fairness, judicial economy" and "not wasting the time of all of the parties and witnesses in this case who have shown up here today for purposes of at least proceeding with a bench trial if not a - - a plea in this case." The day before the scheduled bench trial, Plain filed an emergency motion for a plea hearing representing that negotiations had produced a plea offer he wished to accept. And defense counsel voiced no objection to the amendment, thereby disavowing either prejudice or surprise. Plain does not contest this issue on appeal.

---

[2] Here, the prosecution moved to amend not "to seek an enhanced sentence" but to seek a *reduced* charge carrying a lesser penalty. The court rule is nonetheless helpful because it instructs that in deciding whether to grant a motion to amend, a court should focus on unfair surprise or prejudice to the defendant.

The circuit court abused its discretion by denying the prosecution's motion to amend the information to add the third-degree home invasion charge. We now turn to the dispositive issue: the *nolle prosequi* motion.

### B. THE PROSECUTION'S *NOLLE PROSEQUI* MOTION

The prosecution advances that the separation-of-powers doctrine shields a *nolle prosequi* decision from judicial veto unless entering the order would be unconstitutional, illegal, or ultra vires. By relying solely on the authority of an unpublished opinion, the prosecution continues, the circuit court incorrectly applied legal principles and authority and abused its discretion. Even were *Borowka* a published opinion, we agree with the prosecution that it is readily distinguishable from this case, and that the circuit court abused its discretion by denying the *nolle prosequi* motion.

It is true that "[o]nce an information is filed and a prosecution is underway, MCL 767.29 constrains the prosecutor's power to dismiss the matter without prejudice, called a *nolle prosequi*. 'Leave of the court' is required." *Borowka*, slip op at 1. In relevant part, MCL 767.29 provides:

> A prosecuting attorney shall not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes.

As noted in Borowka, slip op at 7: "This statute requires a prosecutor to state on the record the reasons for seeking a *nolle prosequi* order and also to obtain leave of the court. *People v Glass (After Remand)*, 464 Mich 266, 278; 627 NW2d 261 (2001)."

*Borowka*, slip op at 7, continued:

> In deciding whether a prosecuting attorney acted properly in proposing to *nolle prosequi*, discontinue, or abandon a prosecution, the circuit judge must review the prosecutor's statement of reasons and any evidence of record. *Genesee Co Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974). "Such review is a judicial review, searching the record to determine whether . . . the prosecutor's decision is in accord with the law, facts and reason of the matter." *Id*. A trial court may not substitute its judgment for that of the prosecuting attorney as if it were acting in a supervisory capacity. *Id*.

Entering a *nolle prosequi* ordinarily falls within the prosecutor's broad and independent discretion. However, "[a] *nolle prosequi* that violates the Constitution, constitutes an illegal act, or exceeds the prosecutor's authority, should not be approved by the court." *Borowka*, slip op at 7. We review the trial court's decision for an abuse of discretion. See *People v McCartney*, 72 Mich App 580, 589; 250 NW2d 135 (1976).

In *Borowka*, this Court affirmed a trial court's denial of a motion for *nolle prosequi* under circumstances far different than those that exist here. The prosecutor in *Borowka* sought to "unilaterally derail defendant's trial" after the court denied her second request for an adjournment. *Borowka*, slip op at 6-7. We explained that "the prosecutor's refusal to proceed with proofs was ultra vires: beyond the prosecution's legal powers." *Id*. at 7. There, the *nolle prosequi* motion

was vigorously opposed by the defendant, the defendant would have been prejudiced by a *nolle prosequi*, and we expressly stated that the request fell outside the realm of properly exercised prosecutorial discretion.

No such impediments to a *nolle prosequi* appear in the record before us. The prosecution offered an eminently reasonable explanation for a dismissal without prejudice:

> [T]he nolle pros without prejudice would be appropriate under the circumstances so that the people can essentially reauthorize this case with charges that we believe will be supported by the proofs, and are appropriate under the circumstances. And given my prior representations of my conversations with the victim that I made earlier.

The case had been delayed, but not due to a request or the fault of the prosecution. The record reflects that once a decision was made to charge Plain appropriately, both sides proceeded in good faith. Although Plain's brief on appeal claims that he would be unfairly prejudiced by remand for a trial, he waived this objection by agreeing with the prosecution's request. And even absent waiver, we detect no evidence of unfair surprise or prejudice.

The circuit court invaded the prosecutorial prerogative by denying the *nolle prosequi* motion and thereby abused its discretion. We reverse and remand to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Michelle M. Rick