PEOPLE v FARMILO

Docket No. 74211. Submitted May 8, 1984, at Lansing.—Decided July 13, 1984.

The Oakland County Prosecutor's office prepared a complaint and warrant charging Michael A. Farmilo with indecent exposure and with being a sexually delinquent person. The prosecutor then brought a motion requesting that Oakland Circuit Court Judge Francis X. O'Brien hear certain witnesses swear to the complaint and issue a warrant for Familo's arrest. The circuit court judge denied the motion and held that the jurisdiction to hear the complaint and issue the warrant rested with the district court. The circuit court judge entered an order to that effect. The prosecutor appeals therefrom. *Held:*

The circuit court judge correctly determined that jurisdiction rested with the district court to hear the complaint and issue a warrant.

Affirmed.

1. COURTS — CRIMINAL LAW — DISTRICT COURTS — JURISDICTION.

District court magistrates are vested with jurisdiction to issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney (MCL 600.8511[b]; MSA 27A.8511[b]).

2. COURTS — CRIMINAL LAW — DISTRICT COURTS — JURISDICTION.

District courts have jurisdiction of: (a) misdemeanors punishable by a fine or imprisonment not exceeding one year, or both, (b) ordinance and charter violations punishable by a fine or imprisonment, or both, (c) arraignments, the fixing of bail and the accepting of bonds, and (d) preliminary examinations in all felony cases and misdemeanor cases not cognizable by the district court, but there shall not be a preliminary examination

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 10, 13, 16.
[2] 21 Am Jur 2d, Criminal Law § 358.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 338, 339.
[3] 21 Am Jur 2d, Criminal Law § 351.

in any misdemeanor to be tried in a district court (MCL
600.8311; MSA 27A.8311).

3. COURTS — CRIMINAL LAW — CIRCUIT COURTS — JURISDICTION.

A circuit court gains jurisdiction over a defendant charged with a
criminal offense triable in circuit court upon the filing of a
return by an examining magistrate showing that the defendant
waived a preliminary examination, or that a preliminary exam-
ination was had and the defendant was properly bound over for
trial; the jurisdiction of the circuit court in criminal cases is
limited to the crime or crimes included in the return of the
examining magistrate, except in cases brought before the cir-
cuit court by indictment or appeal from a lower court.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Robert F. Davisson,* Assis-
tant Prosecuting Attorney, for the people.

Before: V. J. BRENNAN, P.J., and R. B. BURNS
and C. R. COLEMAN,* JJ.

PER CURIAM. The Oakland County Prosecutor's
office prepared a complaint and warrant charging
defendant with indecent exposure in violation of
MCL 750.335a; MSA 28.567(1) and with being a
sexually delinquent person under MCL 750.10a;
MSA 28.200(1).

The prosecutor requested that Oakland County
Circuit Court Judge Francis O'Brien hear wit-
nesses swear to the complaint and further re-
quested that Judge O'Brien issue a warrant for
defendant's arrest. Judge O'Brien declined to hear
the witnesses swear to the complaint and refused
to issue an arrest warrant, holding that jurisdic-
tion rested with the district court to hear the
complaint and issue a warrant. Judge O'Brien

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment.

entered a written order consistent with his earlier opinion. The prosecutor now appeals from Judge O'Brien's order and we affirm.

District court magistrates are vested with jurisdiction to issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney. MCL 600.8511(b); MSA 27A.8511(b). Further, MCL 600.8311; MSA 27A.8311 states:

"The district court shall have jurisdiction of:

"(a) Misdemeanors punishable by a fine or imprisonment not exceeding 1 year, or both.

"(b) Ordinance and charter violations punishable by a fine or imprisonment, or both.

"(c) Arraignments, the fixing of bail and the accepting of bonds.

"(d) Preliminary examinations in all felony cases and misdemeanor cases not cognizable by the district court, but there shall not be a preliminary examination for any misdemeanor to be tried in a district court."

Except in cases brought before the circuit court by indictment or appeal from a lower court, the jurisdiction of the circuit court in criminal cases is limited to the crime or crimes included in the return of the examining magistrate. The circuit court gains jurisdiction over a defendant charged with a criminal offense triable in circuit court upon the filing of a return by the examining magistrate showing that the defendant waived preliminary examination, or that a preliminary examination was had and the defendant was properly bound over for trial. *In re Elliott,* 315 Mich 662; 24 NW2d 528 (1946); 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 59, p 115.

Affirmed.