Billie M. IRELAND, Plaintiff,

v.

Gary L. TUNIS, Richard Thompson, John Meiers and Richard D. Kuhn, Defendants.

No. 94–CV–74931–DT.

United States District Court, E.D. Michigan, Southern Division.

July 13, 1995.

Frank Eaman, Harper Woods, MI, for plaintiff.

Thomas P. Vincent, Detroit, MI, John M. Skruyuski, Pontiac, MI, for defendants.

## OPINION AND ORDER REGARDING DEFENDANT KUHN'S MOTIONS FOR SUMMARY JUDGMENT AND RULE 11 SANCTIONS

ROSEN, District Judge.

### I. INTRODUCTION

Plaintiff Billie M. Ireland, Mayor of the City of Rochester Hills since 1985, brought this action against Defendants Gary L. Tunis, Richard Thompson, John Meiers, and Richard D. Kuhn on December 8, 1994. Defendants Tunis, Thompson and Meiers are, respectively, an Assistant Prosecuting Attorney for Oakland County, the Oakland County Prosecutor (an elected official), and an investigator for the Prosecutor's office. Defendant Richard D. Kuhn (also elected) is a Circuit Court Judge for Oakland County. Plaintiff brought her claims pursuant to 42 U.S.C. § 1983, alleging violations of her Fourth and Fourteenth Amendment rights by all Defendants.

After submitting to a deposition, Defendant Kuhn filed motions for summary judgment and Rule 11 sanctions on April 25, 1995. Plaintiff responded on May 4, and Kuhn replied on June 5. Kuhn argues that he is protected from suit by absolute judicial immunity, and seeks dismissal of the claims against him. In addition, he asks this Court to impose sanctions, pursuant to Federal Rule of Civil Procedure 11, against Plaintiff and/or her attorney for Plaintiff's pursuit of an allegedly frivolous claim. After reviewing the papers filed by the parties and the arguments made by their counsel at a hearing held on June 20, 1995, the Court is now prepared to rule on Defendant Kuhn's motions. This memorandum opinion and order sets forth that ruling.

## II. FACTUAL BACKGROUND

On October 5, 1993, Defendant Kuhn, who was at that time the Chief Judge of the Oakland County Circuit Court[1], signed an arrest warrant presented to him by Defendant Tunis. The supporting complaint accused Plaintiff, in essence, of a scheme to misappropriate public funds. The following day, Plaintiff surrendered to authorities. Subsequently, a Michigan district court judge found the warrant to have been issued without probable cause, and, after a preliminary hearing, dismissed all charges against Plaintiff. In her complaint, Plaintiff alleges that Kuhn issued the warrant "in a non-judicial proceeding during which no finding was made as to probable cause ..." (Complaint, ¶ 23).

In his deposition, Kuhn indicated that he had no personal relationship with any of his co-defendants, and had no animus towards Plaintiff. When Defendant Tunis presented him with the complaint, he swore Tunis in and questioned him about the complaint's truthfulness. He then examined the complaint for probable cause, and concluded that it was present. No record was made of the proceeding.

Normally, in Michigan, arrest warrants are issued by district court judges. However, Kuhn testified that the Chief Judges of the Oakland County Circuit Court have a long-standing practice, of at least 20 years duration, of issuing arrest warrants (1) if no district court judge is available, (2) "if it was a political situation and they [the prosecutor] wanted to keep some confidentiality until it was done," (Kuhn Deposition, p. 8), and (3) if the alleged crimes occurred in more than one district. Kuhn testified that he had issued many warrants during his tenure as Chief Judge.

## III. ANALYSIS

### A. THE STANDARDS GOVERNING CONSIDERATION OF A MOTION FOR SUMMARY JUDGMENT.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Three 1986 Supreme Court decisions—*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)—ushered in a "new era" in the standards of review for a summary judgment motion. These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[2] According to the *Celotex* Court:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to estab-

---

1. The position of Chief Judge is a two-year term. Judges may serve more than one term, but the terms may not be consecutive. Defendant Kuhn was serving the second year of his third term as Chief Judge at the time that the warrant against Plaintiff was issued.

2. "Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials." 10A Charles A. Wright et al., *Federal Practice & Procedure*, § 2727, at 35 (Supp.1994).

lish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment:

[*] Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

[*] The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

[*] This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

\* \* \* \* \* \*

[*] The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

[*] The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

[*] The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

*See Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989) (footnotes with citations omitted). The Court will apply the above principles in deciding Defendants' motion for summary judgment.

## B. DEFENDANT KUHN IS ENTITLED TO JUDICIAL IMMUNITY.

■ Judicial immunity attaches only to actions undertaken in a judicial capacity. *Forrester v. White,* 484 U.S. 219, 227–229, 108 S.Ct. 538, 544–45, 98 L.Ed.2d 555 (1988). In determining whether an action is "judicial," this Court must consider whether it is a "function normally performed by a judge." *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978). However, even if the action is judicial, immunity does not attach if it was taken in " 'clear absence of all jurisdiction.' " *Id.* at 357, 98 S.Ct. at 1105 (quoting *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646 (1872)).

■ Issuance of an arrest warrant clearly is a "function normally performed by a judge." *See Foster v. Walsh,* 864 F.2d 416, 417–18 (6th Cir.1988) (issuance of an arrest warrant, even when non-discretionary, is a judicial function). In spite of this, Plaintiff argues that Judge Kuhn's failure to follow proper procedures renders his issuance of the warrant against her a non-judicial act. Plaintiff relies, in part, on an Oregon case, *Utley v. Independence,* 240 Or. 384, 402 P.2d 91 (1965), in which the Oregon Supreme Court refused to extend judicial immunity to a part-time judge who had issued an arrest warrant in the absence of a sworn complaint. According to Plaintiff, at the time Judge Kuhn "signed this arrest warrant, he had no case pending in front of him in which the plaintiff was involved, no case in the circuit court was started as a result of the issuance of this warrant, and the warrant was not a ruling on any case pending in his court nor an order disposing of the rights of parties in any adversary matter." (Plaintiff's Brief, p. 13).

■ Plaintiff's argument that the circumstances surrounding Judge Kuhn's issuance of the warrant against her were improper goes more to the second component of the *Stump* test—whether or not Judge Kuhn had jurisdiction to issue the warrant. Analysis of the two components should not be confused. Whether a particular act is judicial in nature must be considered separately from the question of jurisdiction. Issuance of an arrest warrant is clearly a judicial act.

The closer question is whether or not Judge Kuhn was acting within his jurisdiction when he issued the warrant for the Plaintiff's arrest. Relying on Michigan case law and statutes, Plaintiff argues that he was not. In particular, Plaintiff directs the Court to *People v. Farmilo,* 137 Mich.App. 378, 358 N.W.2d 350 (1984). In *Farmilo,* the Oakland County Prosecutor appealed a decision of the Oakland County Circuit Court denying his request that the judge in that case hear witnesses swear to a complaint and issue an arrest warrant. The judge found "that jurisdiction rested with the district court to hear the complaint and issue a warrant." *Id.* 358 N.W.2d at 351.

The Michigan Court of Appeals affirmed, noting that, pursuant to M.C.L. § 600.8511(b), "[d]istrict court magistrates are vested with jurisdiction to issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney." Furthermore, M.C.L. § 600.8311(a) confers on district courts jurisdiction to try certain misdemeanor charges, and to conduct preliminary examinations for all other misdemeanors and felonies. Finally, the court noted that circuit court jurisdiction in criminal matters is limited:

> Except in cases brought before the circuit court by indictment or appeal from a lower court, the jurisdiction of the circuit court in criminal cases is limited to the crime or crimes included in the return of the examining magistrate. The circuit court gains jurisdiction over a defendant charged with a criminal offense triable in circuit court upon the filing of a return by the examining magistrate showing that the defendant waived preliminary examination, or that a preliminary examination was had and the defendant was properly bound over for trial.

*Ibid.* Numerous other Michigan cases have held that circuit courts acquire jurisdiction in criminal matters only after the case is bound over for trial by a district court. *See, e.g., People v. Curtis,* 389 Mich. 698, 707, 209 N.W.2d 243 (1973); *Genesee Prosecutor v. Judge,* 391 Mich. 115, 119, 215 N.W.2d 145 (1974); *People v. Johnson,* 427 Mich. 98, 106 n. 7, 398 N.W.2d 219 (1986).

However, Chapter 83 of Michigan's Revised Judicature Act, M.C.L. §§ 600.8301 through 600.8396, describes the limited jurisdiction and powers conferred on Michigan's district courts:

> The district court shall have jurisdiction of:
>
> (a) Misdemeanors punishable by fine or imprisonment not exceeding 1 year, or both.
>
> (b) Ordinance and charter violations punishable by a fine or imprisonment, or both.
>
> (c) Arraignments, the fixing of bail and the accepting of bonds.
>
> (d) Preliminary examinations in all felony cases and misdemeanor cases not cognizable by the district court. . . .

M.C.L. § 600.8311. In contrast, the Act confers broad jurisdiction on circuit courts:

> Circuit courts have the power and jurisdiction
>
> (1) possessed by courts of record at the common law, as altered by the constitution and laws of this state and the rules of the supreme court, and
>
> (2) possessed by courts and judges in chancery in England on March 1, 1847, as altered by the constitution and laws of this state and the rules of the supreme court, and
>
> (3) prescribed by rule of the supreme court.

M.C.L. § 600.601. The Michigan Constitution, Art. 6, § 13 (1963), provides that the "circuit court shall have original jurisdiction in all matters not prohibited by law." "Circuit courts are therefore presumed to have jurisdiction unless the matter in question is specifically excluded by law." *People v. Loukas,* 104 Mich.App. 204, 304 N.W.2d 532, 534 (1981).

The Revised Judicature Act does not specifically vest district courts with jurisdiction to issue arrest warrants. However, chapter 85 of the Act discusses the powers and duties of district court magistrates, who are appointed by district court judges, and specifically mentions arrest warrants. It states:

A district court magistrate shall have the following jurisdiction and duties:

(a) To arraign and sentence upon pleas of guilty or nolo contendere [for violations of certain acts]....

(b) To issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney....

(c) To fix bail and accept bond in all cases.

(d) To issue search warrants, when authorized to do so by a district court judge.

M.C.L. § 600.8511.

Finally, Michigan's Code of Criminal Procedure describes when and how arrest warrants may be issued:

(1) A magistrate shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense. The complaint shall be sworn to before a magistrate or clerk.

M.C.L. § 764.1a.

"Magistrate" includes judges of the recorder's court of the city of Detroit ...; judges of the district court; and judges of municipal courts. Magistrate does not include district court magistrates, except that a district court magistrate may exercise the powers, jurisdiction, and duties of a magistrate if specifically provided in ... the revised judicature act.... *This definition shall not be construed as limiting the power of justices of the supreme court, circuit judges, and judges of courts of*

*record having jurisdiction of criminal cases under this act or depriving them of the power to exercise in their discretion the authority of magistrates.*

M.C.L. § 761.1(f) (emphasis added).

Putting the *Farmilo* holding aside, Plaintiff's argument that circuit courts do not have jurisdiction to issue arrest warrants seems without merit. Although the statutes and cases noted above vest initial jurisdiction over criminal matters in the district courts, and give district court magistrates authority to issue arrest warrants, they do not specifically indicate that circuit court judges may not issue arrest warrants. The Code of Criminal Procedure, § 764.1a, arguably restricts authority to issue warrants to "magistrates," which by definition does not include circuit court judges. However, that definition may "not be construed as limiting the power of ... circuit judges ... having jurisdiction of criminal cases under this act or depriving them of the power to exercise in their discretion the authority of magistrates." [3] Finally, given the broad grant of general jurisdiction to circuit courts in Michigan, absent a specific indication that circuit court judges do not have jurisdiction to issue warrants, jurisdiction must be presumed. *See Loukas, supra.* [4]

In contrast, *Farmilo* seems to indicate that circuit court judges may not issue arrest warrants. Judge Kuhn argues that *Farmilo* is distinguishable from the facts of this case in that the underlying criminal charges in that case were misdemeanors, as opposed to the felony charges involved here. [5] Further-

---

**3.** At the oral hearing on this matter, Plaintiff argued that this exception contained in the definition of "magistrate" does not authorize a circuit court judge to exercise the powers of a magistrate if the judge does not otherwise have jurisdiction over the matter. However, this interpretation of M.C.L. § 761.1(f) improperly extends the modifying phrase "having jurisdiction of criminal cases under this act." The statute lists *two* situations in which the authority of circuit court judges should not be considered impaired. The quoted phrase concerns only the first. It does not modify the second phrase— "depriving them of the power to exercise in their discretion the authority of magistrates."

**4.** Judge Kuhn also relies on language contained in M.C.L. § 600.8317, which states:

The district court has the same power to issue warrants; subpoena witnesses; and require the production of books, papers, records, documents, and other evidence; and to punish for contempt as the circuit court now has or may hereafter have....

According to Kuhn, this implies that circuit court judges also have authority to issue arrest warrants.

**5.** Farmilo was charged with indecent exposure in violation of M.C.L. § 750.335a, and with being a sexually delinquent person in violation of M.C.L. § 750.10a. Indecent exposure is clearly a misdemeanor under Michigan law. At the oral hearing on this matter, Plaintiff argued that Farmilo had been charged with a felony. Whether or not sexual delinquency is a felony or misdemeanor is

more, the circuit court judge who refused to issue a warrant was not the Chief Judge. According to Kuhn, "[t]he Court of Appeals did not hold, nor have they ever held, that a Chief Judge of a Circuit Court who issues an arrest warrant on a felony charge does so in the complete absence of all jurisdiction." (Defendant's Reply Brief, p. 3). Perhaps more significantly, although *Farmilo* does not rely on this, that case involved a judge's *refusal* to accept jurisdiction and issue a warrant. Nothing indicates that circuit court judges *must* entertain requests for arrest warrants. Indeed, § 761.1(f) indicates that they have *discretion* to act as magistrates, implying that they also have discretion to refuse to do so.

At the oral hearing on this matter, Plaintiff's counsel strenuously argued that the holding of *Farmilo* is clear—circuit court judges have no authority to issue arrest warrants. Ordinarily, this Court would give considerable, if not controlling, weight to the decision of a state appellate court on a question of state law. However, in this case, the decision of the Michigan Court of Appeals not only stands alone, but arguably is contradicted by Michigan statutes.

But, although an interesting—and seemingly basic—question of Michigan jurisdictional jurisprudence, the issue of whether or not the judges of Michigan's circuit courts have authority under Michigan law to issue arrest warrants is one which this Court need not resolve. In order to be deprived of judicial immunity Judge Kuhn must have acted in "clear absence of all jurisdiction." *Stump, supra,* at 356, 98 S.Ct. at 1104. In *Stump,* an Indiana Judge granted an *ex parte* petition by the plaintiff's mother to have her daughter sterilized. At the time, the plaintiff was fifteen years of age, and allegedly mildly retarded. The Court of Appeals for the Seventh Circuit concluded that the judge had not acted within his jurisdiction when he granted the petition, and therefore was not entitled to absolute judicial immunity. The Supreme Court disagreed, stating:

A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." 13 Wall., at 351, 20 L.Ed. 646.

*Id.* at 356, 98 S.Ct. at 1104.

In a footnote, the Court discussed *Bradley, supra,* from which the language in quotation marks was taken:

In *Bradley,* the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune. *Id.,* 13 Wall., at 352, 20 L.Ed. 646.

*Stump,* at 357 n. 7, 98 S.Ct. at 1105 n. 7.

The instant case is distinguishable from other cases cited by Plaintiff in which judicial immunity was found lacking. For example, in *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the judge was not immune from liability for his demotion of a probation officer. The demotion was an administrative, rather than a judicial, act. Likewise, in *Morrison v. Lipscomb,* 877 F.2d 463 (6th Cir.1989), a judge who, acting in his administrative capacity as chief judge, issued a moratorium on evictions during the holiday season was not absolutely immune from the claims of an aggrieved landlord. In contrast, in *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991), the Supreme Court protected a judge from liability for his order allegedly requiring excessive force to be used to transport an attorney into his courtroom. The action was "taken in the very aid of the judge's jurisdiction over a matter before him". 502 U.S. at 13, 112 S.Ct. at 289.

unclear on the face of the statute. Because the Court finds this distinction, if any, between the facts of *Farmilo* and this case unimportant to a

resolution of the instant case, the Court need not resolve this dispute.

Even if Judge Kuhn did act in excess of his authority, he did not act in the "clear absence of all jurisdiction." In light of the long-standing practice of the Chief Judges of Oakland County, the broad jurisdiction given by the Michigan legislature to its circuit courts, and statutes that at least imply that circuit court judges may issue arrest warrants, Judge Kuhn's belief that he had authority to issue an arrest warrant was reasonable.[6] Thus, even if his action was outside the scope of his authority as a circuit court judge, it was more like the action of judge who convicts a criminal of a non-existent crime, than that of a probate judge who tries a criminal case.

In short, Judge Kuhn clearly acted in a judicial capacity when he issued the arrest warrant. Although it is unclear if he acted in excess of his authority, it is clear that he did not act in "complete absence of all jurisdiction."[7]

## C. SANCTIONS SHOULD NOT BE IM-POSED ON PLAINTIFF.

Defendant Kuhn asks this Court to impose sanctions on Plaintiff for her allegedly frivolous claims against him. After considering the arguments made by the parties, and in light of the support for Plaintiff's case found in *Farmilo, supra,* this Court finds that Plaintiff's complaint against Kuhn was not frivolous. Therefore, sanctions will not be imposed.

## IV. CONCLUSION

For the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Kuhn's Motion for Summary Judgment be GRANTED, and that Defendant Kuhn's Motion for Rule 11 Sanctions be DENIED.

---

**6.** Plaintiff presented no evidence to contradict Judge Kuhn's sworn deposition testimony that he acted without malice.

**7.** Defendant Kuhn also argues that, even if he were not protected by judicial immunity, Plaintiff could not make out a § 1983 claim against him. According to Kuhn, some level of scienter is required by § 1983. *See Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986) (simple negligence will not support a § 1983 claim for relief). Nothing in the record indicates that Kuhn conspired with the others, or acted with animus towards Plaintiff. Given, this Court's conclusion that Judge Kuhn is protected by judicial immunity, however, this issue need not be resolved.