PEOPLE v CURTIS

1. Courts—Circuit Courts—Superintending Control—District and Prosecuting Attorneys.

The circuit court has superintending control only over inferior courts and tribunals, not prosecuting attorneys.

2. Indictment and Information—Courts—Jurisdiction—Circuit Courts.

Michigan Supreme Court takes notice of the fact that indictments and informations refer to proceedings held within the jurisdiction of the circuit court.

3. Criminal Law—Jeopardy—Limitation of Actions—District and Prosecuting Attorneys—Nolle Prosequi—Indictment and Information.

Today, as long as jeopardy has not attached, or the statute of limitations not run, our law permits a prosecutor to reinstate the original charge, after a nolle prosequi is entered, on the basis of obtaining a new indictment and thus beginning the process anew.

4. Criminal Law—Nolle Prosequi—District and Prosecuting Attorneys—Discretion—Legislature.

The Legislature, by enacting a statute providing in part that a prosecuting attorney shall not enter a nolle prosequi upon any indictment without the leave of the court having jurisdiction to try the offense charged, did not in any way attempt to restrict the use of nolle prosequi in those circumstances where the prosecutor could not, solely at his discretion, reinstate the case for immediate trial (MCLA 767.29).

5. Criminal Law—District and Prosecuting Attorneys—Nolle Prosequi—Indictment and Information—Statutes—Circuit Courts.

Statute, providing that it shall not hereafter be lawful for any

References for Points in Headnotes

[1, 2, 4–7, 9–12] 20 Am Jur 2d, Courts §§ 10, 17.
[3] 21 Am Jur 2d, Criminal Law §§ 512–519.
[8] 46 Am Jur 2d, Judges § 50 *et seq.*

prosecuting attorney to enter a *nolle prosequi* upon any *indictment,* or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor *and without the leave of the Court having jurisdiction to try the offense charged,* entered in its minutes, applies only to a proceeding held in circuit court after the indictment or information is filed with that court (MCLA 767.29).

6. CRIMINAL LAW—CIRCUIT COURTS—JURISDICTION—MAGISTRATE'S RETURN—PRELIMINARY EXAMINATION—WAIVER.

The circuit court acquires jurisdiction of the case upon the making of a proper return from the magistrate before whom the defendant had been examined or waived examination.

7. CRIMINAL LAW—CIRCUIT COURTS—JURISDICTION—DRUGS AND NARCOTICS—MAGISTRATE'S RETURN.

The circuit court at no time acquired jurisdiction over the defendant on the charge of "sale of narcotics" where the return made by the examining magistrate was to circuit court on the charge of possession of narcotics only.

8. JUDGES—COURTS—PUBLIC POLICY—DISTRICT AND PROSECUTING ATTORNEYS.

A trial judge may not act in any other capacity than as judge in those cases present in his court; this has long been the public policy of Michigan; the attempt of a trial judge to act as prosecuting attorney has been thoroughly condemned.

9. CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—INDICTMENT AND INFORMATION—COMPLAINT—PRELIMINARY EXAMINATION—WAIVER.

It was never designed that the complaint or warrant before the magistrate should stand in the place of a formal presentment, nor that in the circuit court, the prosecuting officer should be limited by it in the mode of charging the offense; therefore, it is not correct that the prosecutor *must* proceed and inform upon the defendant in accordance with the crime charged in the complaint when the defendant waives examination.

10. CRIMINAL LAW—DISTRICT COURTS—MAGISTRATE'S RETURN—LESSER CHARGE—HIGHER CHARGE—NOLLE PROSEQUI—DISTRICT AND PROSECUTING ATTORNEYS—CIRCUIT COURTS.

Michigan Supreme Court finds nothing objectionable in the actions of the district court in making a return as to only the lesser charge of possession of marijuana where defendant was originally charged with sale of marijuana and the prosecuting attorney's motion in that court for nolle prosequi stated he did

not feel the evidence would sustain the higher charge; the circuit judge may not substitute his opinion for that of the prosecuting attorney or the examining magistrate.

11. CRIMINAL LAW—CIRCUIT COURTS—APPEAL AND ERROR—SUPERINTENDING CONTROL—PRELIMINARY EXAMINATION—HIGHER CHARGE—NOLLE PROSEQUI—DISTRICT COURTS—DISCRETION.

Circuit court committed error in issuing its order of superintending control, *sua sponte,* requiring that an examination be held on the higher charge of possession of marijuana where the prosecuting attorney had already entered a nolle prosequi as to that count with leave of the district court because such an action was within the discretion of the district court judge.

12. COURTS—DISTRICT COURTS—CIRCUIT COURTS—DISCRETION—SUPERINTENDING CONTROL—APPEAL AND ERROR—DISTRICT AND PROSECUTING ATTORNEYS—NOTICE—INDICTMENT AND INFORMATION.

Discretion of a district court judge in granting the prosecutor's motion for nolle prosequi of a higher charge, while reviewable by means of superintending control by the circuit court, is not to be overruled unless clearly erroneous, the circuit court judge may not substitute his opinion for that of the examining magistrate and, unless it plainly appears that the district court failed to take into consideration actions by the prosecuting attorney which might amount to malfeasance of his duties in the prosecution of a case, when granting a dismissal or nolle prosequi of a case, such a remedy should not be undertaken by the higher court and then it should be undertaken only after proper notice and the opportunity for a hearing at which the interested parties may be heard; a *sua sponte* order, without hearing to the parties concerned, is not the Michigan Supreme Court's concept of judicial justice; a proper return and amended information being before the circuit court, it became the duty of the court to proceed in accordance therewith.

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and R. B. Burns and T. M. Burns, JJ., affirming in part, reversing in part, and remanding Eaton, Willard L. Mikesell, J. Submitted May 9, 1973. (No. 13 May Term 1973, Docket No. 54,398.) Decided July 25, 1973.

42 Mich App 652 reversed in part and affirmed in part.

Jerry Curtis was charged with the sale and possession of marijuana. The district court granted a motion to nolle prosequi the count for sale and made a return to the circuit court on the count for possession only. Order of superintending control issued by the circuit court requiring the district court to hold an examination on the charge of sale and make a return to the circuit court thereon and declaring the order of nolle prosequi void. Defendant appealed to the Court of Appeals. Affirmed in part, reversed in part, and remanded. Defendant appeals. Reversed in part, affirmed in part, and remanded to circuit court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David L. Smith,* Prosecuting Attorney, for the people.

*Woodrow A. Deppa,* for defendant.

T. M. KAVANAGH, C. J. This case comes before the Court upon appeal from an order of superintending control entered by the Circuit Court of Eaton County. A review of the sequence of events is necessary to understand the nature and the scope of said order.

Defendant was arrested on a complaint and warrant charging sale of marijuana. He was arraigned in district court and the case was adjourned for a preliminary examination to be held January 10, 1972. On that date, as a result of plea bargaining, the prosecutor moved to amend the original complaint by adding a second count charging defendant with unlawful possession. He also moved to enter a nolle prosequi as to Count I, sale. The district court allowed both motions. An order was entered allowing the amended complaint on January 10, 1972, and the nolle prosequi on Janu-

ary 12, 1972. Defendant waived examination on the charge of possession.

On January 10, 1972, return was made to circuit court on the charge of *possession* only. Arraignment was set for January 20, 1972. As a result of an administrative error in the prosecuting attorney's office, an information was filed on January 19 charging defendant with *sale.* At the arraignment, the discrepancy between the return and the information was discovered and the prosecutor asked leave of the court to prepare the proper information to comply with the return.

At that point, the circuit court judge expressed doubt as to the authority of the district court to dismiss Count I. He directed that the proper information be filed immediately and reset the hearing for later the same day. The prosecutor then filed an information charging defendant with *possession.* In response to this, the circuit court *sua sponte,* without a hearing, issued an order of superintending control to the district court requiring that an examination be held by that court as to the charge of sale and a return be made to circuit court on that charge if the examination so revealed that charge to be correct. It further ordered that the order of nolle prosequi issued by the district court on Count I was thereby declared null and void and without any force or effect whatsoever. The prosecuting attorney and his assistants were further ordered to file the proper information in accordance with the result reached upon examination.

The Court of Appeals, 42 Mich App 652, following our recent decision in *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672 (1972), held that the circuit court did not have authority to issue an order of superintending control to the

prosecutor and his assistants. The circuit court has superintending control only over inferior courts and tribunals, not prosecuting attorneys. We affirm that part of their opinion without further discussion. The Court went further and held that the district court did not have authority to enter the nolle prosequi. We granted leave (388 Mich 784).

Several issues are brought before this Court, the determination of which could have a great effect on the efficacy of the plea bargaining system and the prompt and orderly administration of justice. The main issue presented is whether or not a district court judge may grant an order of nolle prosequi of any felony charge before him, upon motion of the prosecuting attorney, or whether that discretion is reserved to circuit court.

In this case, a nolle prosequi was granted by the district court as to Count I, sale of narcotics. Accordingly, no return was made to circuit court on this charge, the charge being dismissed. The appellee, and the honorable circuit court judge, by means of his order of superintending control, take the position that the matter is determined by MCLA 767.29; MSA 28.969, which states:

"It shall not hereafter be lawful for any prosecuting attorney to enter a *nolle prosequi* upon any *indictment,* or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor *and without the leave of the Court having jurisdiction to try the offense charged,* entered in its minutes." (Emphasis added.)

It is contended that by nature of this language only the circuit court can grant leave to nolle prosequi the case as only that court has jurisdiction to try the offense charged. It is granted that under our laws the court having "jurisdiction to

*try* the case" is the circuit court. Such was the
evident intent of the Legislature in adopting the
statute which has remained virtually unchanged
since its first adoption in 1846. Similar language is
used throughout our Code of Criminal Procedure
evidencing this intent. In MCLA 766.13; MSA
28.931:

"If it shall appear to the magistrate upon the exami-
nation of the whole matter, either that no offense has
been committed or that there is not probable cause for
charging the defendant therewith, he shall discharge
such defendant. If it shall appear to the magistrate
upon the examination of the whole matter, that an
offense not cognizable by a justice of the peace has been
committed and there is probable cause for charging the
defendant therewith, said magistrate shall forthwith
bind such defendant *to appear before the circuit court*
of such county or any court having jurisdiction of said
cause, *for trial."*(Emphasis added.)

The parties fail to recognize, however, that
MCLA 767.29; MSA 28.969 addresses itself only to
nolle prosequi entered "upon any *indictment."*[1]
The statute is completely silent as to nolle prose-
qui entered before any indictment is returned or
information is filed with the court. The Court also
takes notice of the fact that indictments and infor-
mations refer to proceedings held within the juris-
diction of the circuit court.

These facts, however, do not answer the question
presented. A review of the history of the statute
involved and the term "nolle prosequi" itself is
necessary for an understanding of what the people
of this state attempted to accomplish by first en-
acting this statute in 1846.[2]

[1] By virtue of MCLA 767.2; MSA 28.942, the term "indictment"
applies equally to prosecution, commenced upon "information".

[2] RS 1846, c 164, § 23.

This Court has undertaken to review the common law applicable to "nolle prosequi" just prior to the enactment of the forerunner of MCLA 767.29; MSA 28.969. The leading case of that time dealing with the right of the prosecutor to enter a nolle prosequi is *United States v Shoemaker,* 2 McLean 114 (CA 7, 1840). In that case the court accepted a nolle prosequi after the jury had been impaneled and sworn. In discussing the right of the prosecutor to take such an action the Court states:

"There can be no doubt that, *before the trial* is gone into, the prosecuting attorney has a right, *under leave of the Court,* to enter a *nolle prosequi* on an indictment, and such entry is no bar to a subsequent prosecution for the same offence. * * *

"The ground on which the prosecution was abandoned *does not appear on the record.* The jury were regularly impaneled and sworn to try the issue; witnesses were sworn, and then a nolle prosequi was entered. From the record it would seem probable that the prosecution was abandoned, because of the insufficiency of the evidence to sustain it. * * *

" * * * * If the right to abandon the prosecution be in the prosecuting attorney, with the view of commencing it de novo, it is not perceived on what principle its exercise can be limited. If it exist it would seem to follow that it may be exercised at the discretion of the attorney who represents the government. *This would lead to endless vexations in the prosecution of criminal cases.*

"The first trial might be considered an experiment to draw forth the evidence in the case, and ascertain if it be insufficient, whether, on another trial, it might not be made strong enough to convict. Such a course would not be tolerated in a civil cause, much less in a criminal one." (Emphasis added.) *United States v Shoemaker,* 2 McLean 114, 115, 118 (CA 7, 1840).

A further review of the common law reveals

that the nolle prosequi at that time could be retracted at any time, and must have become a *matter of record* to prevent a revival of proceedings on the original indictment. It thus appears clear to the Court that the forerunner of the present statute in question was enacted to protect the interests of the criminal defendant. This it did by requiring that thereafter all nolle prosequi would be entered on the record. This statute then had the effect of requiring a prosecuting attorney who entered a nolle prosequi after indictment to obtain a new indictment and begin proceedings anew if he wished to reinstate the original charge. It thus effectively overruled the old common-law rules permitting a prosecutor to retract a nolle prosequi and immediately proceed to trial on the same indictment. See *Commonwealth v Wheeler,* 2 Mass 172 (1806). The old rule appears still to be followed in a few of our states today. See *Commonwealth v McLaughlin,* 293 Pa 218; 142 A 213 (1928); *Belcher v Superior Court In and For Maricopa County,* 105 Ariz 461; 466 P2d 755 (1970). Today, as long as jeopardy has not attached, or the statute of limitations not run, our law permits a prosecutor to reinstate the original charge on the basis of obtaining a new indictment and thus beginning the process anew.

It does not appear, therefore, that the Legislature in any way attempted to restrict the use of nolle prosequi in those circumstances where the prosecutor could not, solely at his discretion, reinstate the case for immediate trial. In situations akin to the one before us, this could not be done in any event as no indictment nor information had yet been filed with the trial court. The defendant still retained the right to a grand jury proceeding or a preliminary examination.

We thus hold that MCLA 767.29; MSA 28.969 applies only to proceedings held in circuit court after the indictment or information is filed with that court.

To next answer whether or not the discretion to dismiss or nolle prosequi a felony charge is exclusively that of the circuit court we turn to our previous decisions, no statute being directly determinative of the issue.

This Court has consistently held that the circuit court acquires jurisdiction of the case upon the making of a proper return from the magistrate before whom the defendant had been examined or waived examination. *People v Ten Elshof*, 92 Mich 167 (1892); *People v Fochtman*, 226 Mich 53 (1924); *Dimmers v Hillsdale Circuit Judge*, 289 Mich 482 (1939); *In re Elliot*, 315 Mich 662 (1946).

This being so, we need only make reference to our decisions in *Yaner v People*, 34 Mich 286 (1876); *Stuart v People*, 42 Mich 255 (1879); to decide the issue before us. In *Yaner*, Justice MAR-STON had cause to discuss and rule upon the forerunner of MCLA 766.13; MSA 28.931. In doing so, he stated:

"The clear evident intent of this statute was, that the magistrate should exercise his best judgment in the matter; that he should from the testimony determine whether the crime charged in the warrant had been committed, or where, as in this case, the offense charged includes one or more of lesser degree, the magistrate should determine which offense, if any, had been committed, so that the accused might not be placed upon trial in the circuit to answer to a charge *different or greater than the one upon which he had been examined, and to answer which he had been held for trial.* If this were not so we would have the magistrate binding over for one offense, and the prosecuting attorney filing an information for another or different

one, *or the magistrate binding over to answer to an offense of one degree, and the prosecuting attorney filing an information for a like offense of a higher degree.* In either case the offense charged in the information would be one not authorized by the examination, and it never was intended that the prosecuting officer should file an information in the circuit court charging an offense different or greater than the one upon which the accused had been examined and held for trial." (Emphasis added.) 34 Mich 286, 289.

Shortly after this decision, Justice MARSTON, in *Stuart, supra,* made clear that this rule, applied to examinations, also applied to the situation where the accused waived examination. This we recently reiterated is still true today. *People v Schram,* 378 Mich 145 (1966).

The court's jurisdiction was limited to that offense specified in the return made by the examining magistrate. *People v Evans,* 72 Mich 367 (1888). Accordingly, the circuit court in this case at no time acquired jurisdiction over the defendant on the charge of "sale of narcotics".

Having determined that the trial court could not gain jurisdiction over the higher charge based on the erroneous information, we now turn to the question of whether or not the court may require, contrary to the wishes of the prosecuting attorney, that a second return be filed, or an examination held, in order that the defendant may be bound over and tried on the higher offense.

It has long been the public policy of this state that a trial judge may not act in any other capacity than as judge in those cases present in his court. Such policy is expressed in § 7247, How Stat:

"No judge can practice or act as a counsellor, solici-

tor, or attorney in the court of which he is a judge
* * * ."

This policy was expressed, and the attempt of a
trial judge to act as prosecuting attorney thor-
oughly condemned in *People v Evans,* 72 Mich 367
(1888). This policy remains true today and was
recently reiterated in *Genesee Prosecutor v Gene-
see Circuit Judge,* 386 Mich 672 (1972). The trial
court appears to take the position that the prose-
cutor *must* proceed and inform upon the defendant
in accordance with the crime charged in the com-
plaint when the defendant waives examination.
Such a position is clearly rebutted by Justice
COOLEY in *People v Annis,* 13 Mich 511, 515 (1865)
in which the Court states:

"The examination, under this statute, was designed,
to some extent, to accomplish the purpose of a present-
ment by the grand jury under the law as it existed
before, in protecting a party against being subject to
the indignity of a public trial for an offense before
probable cause has been established against him by
evidence under oath. But it was never designed that the
complaint or warrant before the magistrate should
stand in the place of a formal presentment, nor that in
the circuit court, the prosecuting officer should be lim-
ited by it in the mode of charging the offense. It is
undoubtedly competent for him, so long as he does not
undertake to proceed against a person for a different
transaction than that to which the examination relates,
to put his information in such form as, *in his opinion,*
will enable him to try the offense on the merits, in the
way most effectually to advance the ends of justice."
(Emphasis added.)

In *Stuart v People, supra,* 258, Justice MARSTON
adds:

"Where such examination is waived, the magistrate
binds the party over for trial for the offense charged in

the complaint and warrant, and the prosecuting attorney may file an information charging any offense contained in the warrant which in his opinion the evidence will sustain."

We find nothing objectionable in the actions of the district court in making a return as to only the lesser charge. The prosecutor had advised the district court the reasons why he did not want to proceed on the higher charge. His petition for nolle prosequi, stated he did not feel the evidence would sustain the higher charge. The circuit court judge may not substitute his opinion for that of the prosecuting attorney or the examining magistrate.

It was to actions of the trial court similar to those presented here that we recently addressed ourselves in *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672 (1972). There we stated, 683–684:

" 'Acting as prosecutor, judge and jury' is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor."

Such rationale is equally applicable to the situation where a judge demands that the prosecutor proceed on a higher charge as it is when he decides which of two charges the case will be proceeded upon. The effect upon the defendant and the prosecutor is the same. We therefore hold that the circuit court, in this situation, committed error in issuing its order of superintending control re-

quiring that an examination be held on the higher charge. As to that count, the prosecuting attorney had already entered a nolle prosequi, with leave of the district court. We now state that such an action was within the discretion of the district court judge. While review of that discretion is available by means of superintending control by the higher court, it is not to be overruled unless clearly erroneous. The circuit court judge may not substitute his opinion for that of the examining magistrate. Unless it plainly appears that the district court failed to take into consideration actions by the prosecuting attorney which might amount to malfeasance of his duties in the prosecution of a case, when granting a dismissal or nolle prosequi of a case, such a remedy should not be undertaken by the higher court. And then it should be undertaken only after proper notice and the opportunity for a hearing at which the interested parties may be heard. A *sua sponte* order, without hearing to the parties concerned, is not our concept of judicial justice. A proper return and amended information being before the circuit court, it became the duty of the court to proceed in accordance therewith.

It is therefore ordered that the order of superintending control issued by the circuit judge in this action be vacated. We accordingly reverse that part of the Court of Appeals' decision upholding said order. We affirm that part overruling the remainder of the order. The case is remanded to circuit court for proceedings not inconsistent with this opinion. Reversed in part; affirmed in part.

T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. M. KAVANAGH, C. J.