610 N.W.2d 872 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellant, Cross-Appellee,
v.
Willie GLASS, Jr., Defendant-Appellee, Cross-Appellant.
Docket No. 114795, COA No. 206426.
Supreme Court of Michigan.
April 5, 2000.
On order of the Court, the applications for leave to appeal the May 11, 1999 decision of the Court of Appeals are considered, and they are GRANTED. The parties shall include among the issues briefed: (1) whether the prosecutor's filing of an information under MCR 6.112 after defendant waived the preliminary examination removed the taint of the alleged racial discrimination in the selection of the grand jury that indicted defendant, (2) whether MCR 6.112 conflicts with M.C.L. § 767.29; MSA 28.969, as construed in People v. Curtis, 389 Mich. 698, 209 N.W.2d 243 (1973), and (3) whether this Court properly exercised its authority over criminal procedure in People v. Duncan, 388 Mich. 489, 201 N.W.2d 629 (1972), to grant defendants indicted by grand juries the right to a preliminary examination.
The Court invites briefs amicus curiae from the Prosecuting Attorneys Association of Michigan, the Michigan Attorney General, the Michigan Association of Counties, the Michigan Appellate Assigned Counsel System, the Criminal Defense Attorneys of Michigan, and the Michigan Defender Offices. Other persons or groups interested in the determination of these questions may move the Court for permission to file briefs amicus curiae.
MARILYN J. KELLY, J., dissents and states as follows:
I object to the Court's addition of issues in this case. With respect to the first, it is merely a restatement of a portion of the main issue already before us.
More objectionable are the second and third issues. The second is whether a court rule, MCR 6.112, conflicts with a statute, M.C.L. § 767.29; MSA 28.969. The statute requires that, when the prosecution wishes to abandon an indictment, it must state on the record reasons for abandoning the indictment and obtain leave of the trial court. In this case, neither side argues that the indictment is defective because the prosecution failed to comply with the statute. Rather, the defendant argues that the indictment is defective because there was racial discrimination in the selection of the grand jury that issued it.
The court rule does not address abandoning or discontinuing an indictment. It states that the law and rules regarding informations apply to indictments, except as otherwise provided in the court rules or elsewhere. MCR 6.112(A). Hence, the court rule does not supplant the statute in question. The majority foresees a conflict where none exists.
The third question is whether defendants indicted by grand juries have a right to a preliminary examination. This is an issue not presented to this Court by the parties or by the facts of the case. Defendant Glass waived his right to a preliminary examination. Whether he was initially entitled to an examination is a question that should be saved for another day.
The addition of new issues to this case further exposes the Court to claims of judicial activism. This is because neither party has raised, nor do the facts implicate, the second and third issues set forth in the Court's order. Here, as elsewhere, *873 we should exercise restraint and avoid overreaching by deciding issues not necessary to resolve the dispute brought to us.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.