*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MARK ANDREW SEKELSKY,

       Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 352414
Genesee Circuit Court
LC No. 18-043474-FC

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MIKADYN MAULAY PAYNE,

       Defendant-Appellant.

No. 352415
Genesee Circuit Court
LC No. 18-043472-FC

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

TREVOR ANTHONY GRAY,

       Defendant-Appellee.

No. 352416
Genesee Circuit Court
LC No. 18-043465-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TREVOR ANTHONY GRAY,

        Defendant-Appellant.

No. 352417
Genesee Circuit Court
LC No. 18-043465-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ALEXZANDER MILLER,

        Defendant-Appellee.

No. 352475
Genesee Circuit Court
LC No. 18-043471-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MIKADYN MAULAY PAYNE,

        Defendant-Appellee.

No. 352476
Genesee Circuit Court
LC No. 18-043472-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MARK ANDREW SEKELSKY,

        Defendant-Appellee.

No. 352477
Genesee Circuit Court
LC No. 18-043474-FC

---

Before: STEPHENS, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

In these consolidated cases, plaintiff appeals from an order of the circuit court denying plaintiff's request to *nolle prosequi* charges against defendants following the trial court's rejection of a *Cobbs*[1] plea by each defendant. We reverse and remand to the trial court with directions to grant the *nolle prosequi* and enter an order dismissing the charges.

Our dissenting colleague fully sets out the relevant facts to this case. We need not repeat them here. Rather, we proceed directly to the question whether the trial court erred in denying the request to grant a *nolle prosequi* in this case. We conclude that a trial court's authority to do so is limited and that the trial court in this case exceeded that limited authority.

This Court reviews a trial court's ruling regarding a motion to dismiss, including a motion for *nolle prosequi*, for an abuse of discretion. *People v Grove*, 455 Mich 439, 460; 566 NW2d 547 (1997), superseded by court rule on other grounds as stated in *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012); *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). An abuse of discretion occurs when a trial court's decision "falls outside the range of reasonable and principled outcomes." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citation omitted).

Our Supreme Court in *Genesee Co Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974), discussed both the trial court's authority in reviewing a magistrate's bindover decision as well as a prosecutor's *nolle prosequi* decision:

> In deciding whether an examining magistrate acts properly in binding or in refusing to bind over an accused person, and in deciding whether a prosecuting attorney acts properly in deciding not to file an information or in proposing to nolle prosequi, discontinue or abandon a prosecution, the circuit judge reviews the action of the magistrate and prosecuting attorney on the record—the record made before the magistrate at the preliminary examination, and the prosecutor's statement of reasons and 'the evidence filed in the case.' Such review is a judicial review, searching the record to determine whether the magistrate's or prosecutor's decision is in accord with the law, facts and reason of the matter.
>
> A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them. [Footnotes omitted.]

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

This Court summarized that conclusion in *People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995), as follows:

> Thus, the trial court's authority over the discharge of the prosecutor's duties is limited to those activities or decisions by the prosecutor that are unconstitutional, illegal, or ultra vires. *People v Williams*, 186 Mich App 606, 608-613; 465 NW2d 376 (1990). Put differently, a trial court does not have authority to review the prosecuting attorney's decisions outside this narrow scope of judicial function. *Id.* at 612.

The Supreme Court further recognized the circuit court's limited role in *People v Curtis*, 389 Mich 698; 209 NW2d 243 (1973). In *Curtis*, the defendant was initially charged with the sale of marijuana. On the day scheduled for the defendant's preliminary examination in district court, the prosecutor moved to amend the original complaint to add a second count of unlawful possession and to enter a *nolle prosequi* as to the charge of sale of marijuana. The district court allowed the prosecutor's request and the defendant waived examination on the possession charge. 389 Mich at 701-702. Thereafter, the circuit court sua sponte issued an order of superintending control to the district court requiring an examination on the original charge of sale of marijuana and to issue a return on that charge if supported by the evidence at the exam and declared the order of *nolle prosequi* issued by the district court to be null and void. The circuit court further ordered the prosecutor to file an information in accordance with the result reached at the preliminary examination. 389 Mich at 702. The Court stated:

> The Court of Appeals, 42 Mich App 652 [202 NW2d 539 (1972)], following our recent decision in *Genesee Prousecutor v Genesee Circuit Judge,* 386 Mich 672 [194 NW2d 693] (1972), held that the circuit court did not have authority to issue an order of superintending control to the prosecutor and his assistants. The circuit court has superintending control only over inferior courts and tribunals, not prosecuting attorneys. [389 Mich at 702-703.]

The Supreme Court affirmed "that part of their opinion without further discussion." 389 Mich at 703. The Supreme Court did, however, review this Court's upholding of the circuit court's determination that the district court did not have the authority to enter the *nolle prosequi*.

After a historical review of the law of *nolle prosequi*, the Court addressed the purpose of the Legislature's limiting *nolle prosequi* by statute in MCL 769.29: "It thus appears clear to the Court that the forerunner of the present statute in question was enacted to protect the interests of the criminal defendant. This it did by requiring that thereafter all *nolle prosequi* would be entered on the record." 389 Mich at 706. The Court then stated that to "next answer whether or not the discretion to dismiss or *nolle prosequi* a felony charge is exclusively that of the circuit court we turn to our previous decisions, no statute being directly determinative of the issue." 389 Mich at 707. Finally, the Court concluded that use of superintending control to reverse the district court's decision to allow the *nolle prosequi* should not be used unless the district court "failed to take into consideration actions by the prosecuting attorney which might amount to malfeasance of his duties in the prosecution of a case, when granting a dismissal or nolle prosequi of a case . . . ." 389 Mich at 711.

We next turn to the United States Supreme Court's decision in *Rinaldi v United States*, 434 US 22, 29 n 15; 98 S Ct 81; 54 L Ed 2d 207 (1977), where the Court considered the requirement under FR Crim P 48(a) that a dismissal of charges requires leave of the court:

> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. See, e.g., *United States v Cox*, 342 F2d 167, 171 (CA 5), cert. denied, sub nom. *Cox v Hauberg*, 381 US 935; 85 S Ct 1767; 14 L Ed 2d 700 (1965); *Woodring v United States*, 311 F2d 417, 424 (CA 8), cert. denied sub nom. *Felice v United States*, 373 US 913; 83 S Ct 1304; 10 L Ed 2d 414 (1963). But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest. See *United States v Cowan*, 524 F2d 504 (CA 5 1975); *United States v Ammidown*, 162 USApp.D.C. 28, 33, 497 F2d 615, 620 (1973).

This statement in *Rinaldi* is consistent with the Michigan Supreme Court's observation in *Curtis* that the statute "was enacted to protect the interests of the criminal defendant." 389 Mich at 706. This is in line with the statement in *Rinaldi* that the "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. 434 US at 29 n 15. And nothing suggests that this is at issue in the case at bar.

First, defendants have not objected to the prosecutor's requesting a *nolle prosequi*. Indeed, the prosecutor's rquest was prompted by an agreement between the prosecution and the defense that the best course of action was a juvenile disposition rather than adult incarceration, including the availability of rehabilitation services in the juvenile justice system. Moreover, we are not persuaded that there is any indication of an improper motive by the prosecutor or that granting leave of the court to dismiss the charges would in any way be contrary to the public interest.

The trial court's denial of the request to dismiss the charges seems to be rooted in the trial court's view that doing so would infringe upon the trial court's role in sentencing. We disagree. As this Court observed in *People v Williams*, 244 Mich App 249, 251-252; 625 NW2d 132 (2001), the prosecutor has the "exclusive authority to decide whom to prosecute" and a trial court commits "a violation of the constitutional separation of powers" when it interferes with that authority. And "the decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor." *Id.* at 252. It is axiomatic that a prosecutor's charging decision affects the sentence that a trial court may impose. See *People v Conat*, 238 Mich App 134, 149-150; 605 NW2d 49 (1999). If a prosecutor chooses to charge a lesser offense, then it follows that the trial court will, upon conviction, only have the possibility of a lesser sentence available. *Id.* Indeed, in the case at bar, had the prosecutor originally decided to only proceed in the family division, there

never would have been the possibility of there being an adult conviction upon which the trial court could impose an adult sentence.

The dissent looks to the decision in *Grove* for support of the conclusion that the dismissal would intrude upon the trial court's sentencing authority. We believe that reliance is misplaced. While, as noted above, *Grove* did discuss *nolle prosequi*, ultimately it involved the trial court rejecting a plea bargain to a lesser offense that included a sentencing recommendation that the trial court found unacceptable. 455 Mich at 445. That is significantly different than this case where the prosecutor was seeking a dismissal of charges.

In sum, a trial court's authority to deny a *nolle prosequi* is limited. There must be shown that the prosecutor is committing malfeasance, or otherwise is acting in an unconstitutional, illegal, or ultra vires manner. And this must be evaluated in light of the fact that the trial court's authority in the first place to reject a *nolle prosequi* is to safeguard the defendant's rights and to protect against prosecutorial harassment. None of these conditions have been shown in this case. Indeed, we imagine that it would be the rare case where it can be said that a prosecutor's request for *nolle prosequi* would violate the defendant's rights when the defendant agrees to the *nolle prosequi*. Accordingly, the trial court abused its discretion in denying the *nolle prosequi*.

The decision of the trial court is reversed, and we remand the matter to the trial court with directions to grant leave of the court to the *nolle prosequi* and enter an order dismissing all charges against defendants without prejudice to the refiling of charges as the prosecutor sees fit. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane M. Beckering

-6-