*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

RONALD EDWARD OWENS, JR.,

Defendant-Appellee.

FOR PUBLICATION
July 8, 2021
9:00 a.m.

No. 352908
Saginaw Circuit Court
LC No. 10-033976-FC

Before: JANSEN, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

JANSEN, P.J.

The prosecution appeals by leave granted[1] the January 15, 2020 order granting defendant, Ronald Edward Owens, Jr., relief from his September 29, 2011 judgment. We affirm, and further conclude that the trial court shall continue the appointment of appellate counsel for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is the third appeal in this matter. This Court previously summarized the facts of this case as follows:

Cornelius Owens (Cornelius) was shot twice in the legs on April 24, 2009. Cornelius and another witness—Maurice Harris—identified the shooter as Dyterius Roby, although Cornelius believed defendant [and his brother, codefendant Steven Owens] were behind the shooting. The prosecution presented evidence that in February 2009, a drug raid occurred at [defendant's] residence, and the police confiscated drug residue and paraphernalia, and approximately $60,000 hidden in air vents throughout the home. At a subsequent drug raid at [defendant's] residence

---

[1] *People v Owens*, unpublished order of the Court of Appeals, entered April 10, 2020 (Docket No. 352908).

in November, the police found a substantial amount of crack cocaine, $2,100 hidden in the walls, and drug packaging material.

Cornelius, a member of the same gang as defendant[ and Steven], participated in a DVD called "Prison Talk" in which he referenced certain gang affiliations and spoke negatively about [defendant and Steven]. After the February drug raid and the DVD, Cornelius began to hear rumors that [defendant and Steven] thought he was the snitch that led to the raid. Cornelius claimed that Steven called him a snitch and [defendant] yelled out "don't speak to the wire," which again was a reference to Cornelius being a "snitch," "rat" or the "police." About a week before the shooting, Cornelius confronted [defendant and Steven] at a fish fry. Cornelius and other men pointed guns at [defendant and Steven], but the confrontation deescalated with no shots fired.

After Cornelis was shot, he eventually identified Roby as the shooter. Yet, Cornelius testified that both [defendant] and Steven approached him and offered him money and cocaine to recant his identification. Cornelius met with Roby's attorney and did as [defendant and Steven] asked, but after speaking with the police again, Cornelius admitted to the perjury scheme. A taped telephone call with Steven was admitted at trial, in which Steven discussed the scheme with Cornelius.

\* \* \*

[Defendant] was convicted of conspiracy to assault with intent to do great bodily harm less than murder[, MCL 750.84], assault with intent to do great bodily harm less than murder[, MCL 750.84], bribing, intimidating, or interfering with a witness in a criminal case[, MCL 750.122(7)(b)], and inciting or procuring one to commit perjury[, MCL 750.425]. [*People v Owens*, unpublished opinion of the Court of Appeals, issued April 10, 2014 (Docket No. 307117); slip op at 2-3.]

Defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to 83 months to 15 years' imprisonment for the conspiracy to assault with intent to do great bodily harm less than murder conviction, 5 to 15 years' imprisonment for the assault with intent to do great bodily harm less than murder conviction, 83 months to 15 years' imprisonment for the bribing, intimidating, or interfering with a witness in a criminal case conviction, and 5 years to 90 months' imprisonment for inciting or procuring one to commit perjury conviction.

This Court previously affirmed defendant's convictions and sentences. This Court concluded that defendant's convictions were not against the great-weight of the evidence presented by the prosecution. *Owens*, unpub op at 11-14. Relevant to this appeal, when considering defendant's assault and conspiracy convictions, this Court reasoned that a rational trier of fact could have found defendant guilty beyond a reasonable doubt because $60,000 was seized from defendant's home after a drug raid, Cornelius testified that defendant and Steven called Cornelius a snitch, and Cornelius was shot one week after he confronted defendant and Steven at a fish fry. *Id.* at 13. This Court also reasoned that the shooter had been in frequent contact with Steven, and defendant had deposited money into the shooter's jail account. *Id.*

Considering the witness interference and procuring perjury convictions, this Court concluded that evidence supported convicting defendant beyond a reasonable doubt because Cornelius testified that both defendant and Steven offered him money and cocaine to lie about who shot him. *Id*. at 13-14. Defendant accompanied Cornelius to meet with the shooter's attorney, where Cornelius recanted his confession. *Id*. at 14. Additionally, during a telephone conversation, Steven coached Cornelius to testify that he was confused about the shooter's identity. *Id*.

Defendant filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan. The United States District Court stayed defendant's habeas proceedings to allow defendant to exhaust an additional challenge to his sentences in state court based upon the Michigan Supreme Court's decision in *People v Lockridge*, 496 Mich 358; 870 NW2d 502 (2015).

On February 27, 2017, defendant moved in the trial court for relief from judgment under MCR 6.500. As part of his motion, he argued that his sentencing guidelines were incorrectly scored because the Michigan Supreme Court's decision in *Lockridge* had retroactively changed Michigan's sentencing scheme from mandatory to advisory. The trial court denied defendant's motion for relief from judgment, and defendant filed a delayed application for leave to appeal the order denying his motion for relief from judgment in this Court. However, this Court dismissed defendant's application for leave to appeal without prejudice "for failure to pursue the case in conformity with the rules. MCR 7.201(B)(3)." *People v Owens*, unpublished order of the Court of Appeals, entered November 8, 2017 (Docket No. 340153). Subsequently, the United States District Court went on to reactivate defendant's habeas petition on January 26, 2019.

On September 30, 2019, in a 49-page opinion and order, the United States District Court for the Eastern District of Michigan granted, in part, defendant's petition for writ of habeas corpus. The United States District Court found that defendant's conspiracy to assault with intent to do great bodily harm less than murder conviction and his assault with intent to do great bodily harm less than murder conviction were not supported by sufficient evidence. Specifically, the court found, "[t]he jury had no basis on which to find [defendant] guilty of those offenses beyond a reasonable doubt, and the state appellate court's decision finding sufficient evidence to support those convictions involved an unreasonable application of clear-established federal law." The court further concluded that it could not "be certain *why* the jury was led astray, but it is certain that the jury *was* led astray–and that the jury returned a verdict on the assault and conspiracy charges that is plainly not supported by sufficient evidence. Accordingly, the [c]ourt will vacate those convictions." The court went on to reject defendant's challenge to his convictions of witness intimidation and procuring perjury. The court also rejected the remainder of defendant's claims because they were procedurally barred as questions of state law, this Court's decisions were not contrary to clearly established federal law, or because the issue had become moot after defendant's assault and conspiracy convictions were vacated.

On October 8, 2019, the trial court vacated defendant's assault with intent to do great bodily harm less than murder and conspiracy to commit assault with intent to do great bodily harm less than murder convictions. On October 14, 2019, defendant *in propria persona* filed a successive motion for relief from judgment. Defendant argued that, after two of his convictions were vacated, his prior record variables (PRVs) and offense variables (OVs) were drastically different. Because the convictions had been vacated, the facts of those convictions could not be

relied on to increase defendant's sentencing variables. Defendant asserted that he was entitled to relief on the basis of good cause under MCR 6.508(D)(3) or newly discovered evidence under MCR 6.502(G)(2). First, defendant argued that good cause supported granting him relief because no amount of diligence during his prior motion for relief could have granted him relief. Second, defendant argued that newly discovered evidence supported vacating his convictions. He argued that the federal order reversing his convictions was newly discovered evidence because it could not have been discovered through due diligence before his successive motion for relief from judgment.

The prosecution responded that the trial court should deny defendant's successive motion for relief from judgment because defendant had not established an exception to warrant granting the motion. The United States District Court for the Eastern District of Michigan's decision was a legal determination, not evidence of any fact related to defendant's case. Further, a request for resentencing was not a form of relief on which new evidence could be asserted because the test for newly discovered evidence relied on whether the evidence made a different result probable on retrial. The prosecution also argued that, although defendant had not argued that the habeas order was a change in the law, an individual ruling was not a change in the law. Relying on *Black's Law Dictionary* (11th ed), the prosecution noted that "the law" represented a body of laws, the aggregate of legislation, or the body of custom and practice. It did not include the application of law to an individual case. Finally, the prosecution argued that the trial court did not have the authority to recharacterize defendant's motion or sua sponte grant defendant relief. MCR 6.429(A) precluded the trial court from sua sponte modifying defendant's sentence, and defendant's motion was not timely if it was considered as a motion to correct an invalid sentence under MCR 6.429(B).

In an order entered January 15, 2020, the trial court granted defendant's motion for relief from judgment because of a retroactive change in the law of defendant's case and because his prior sentence was based on guidelines that considered elements of his vacated convictions. It ordered resentencing. The trial court determined that newly discovered evidence did not support defendant's motion. The court rule did not define newly discovered evidence, though it clarified that that evidence included scientific evidence. The court determined that the word "evidence" did not include a judicial opinion. However, the trial court determined that defendant's vacated convictions were a retroactive change in law occurring after his first motion for relief from judgment.

The trial court rejected the prosecution's argument that a change in law could not include a change in law of defendant's case. It reasoned that the definition of "law" in *Black's Law Dictionary* (11th ed) and Merriam-Webster were both very broad. The court found that interpreting the word "law" to include the law of the case was consistent with the purposes of MCR 6.502(G)(2), which limited a defendant's ability to bring a successive motion when the challenged error could have been raised in the initial motion. A retroactive change of the law of a defendant's case "would potentially have a similar impact on the circumstances as his or her conviction or sentencing as the discovery of newly discovered evidence . . . ."

Additionally, the court noted that under MCR 6.508(D)(2), the defendant could only bring a challenge if the retroactive change in the law undermined the court's prior decision. The calculation of defendant's sentencing variables included points attributable to the victim's shooting injury, which was related to defendant's vacated convictions. Additionally, due process barred

courts from finding by a preponderance of the evidence that a defendant engaged in conduct for which he or she was acquitted. Although defendant was not acquitted, the federal court found that defendant should have been acquitted because insufficient evidence supported a conviction. The Michigan Supreme Court in *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), reasoned that using the elements of greater offenses as an aggravating factor when those convictions had not been proven at trial undermined a defendant's presumption of innocence. Because defendant's presumption of innocence related to the shooting of Cornelius had not been overcome, it would be improper for the sentencing court to rely on shooting-related conduct to support defendant's sentence. Both the federal court's ruling and the Michigan Supreme Court's recent ruling in *Beck* were changes in law that undermined defendant's prior sentencing challenges.

On February 5, 2020, the prosecution moved for reconsideration. The trial court denied the prosecution's motion. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, the prosecution argues that the trial court erred by sua sponte recharacterizing the arguments defendant made in his second motion for relief from judgment, filed *in propria persona*. The prosecution also argues that the trial court erred by finding that the change in the law of defendant's case constituted a "retroactive change in the law."[2]

This Court reviews for an abuse of discretion a trial court's decision on a motion for relief from judgment. *People v Walker*, 328 Mich App 429, 436; 938 NW2d 31 (2019). The trial court abuses its discretion when it makes an error of law or when its decision falls outside the range of reasonable and principled outcomes. *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). This Court reviews de novo the trial court's interpretation of court rules. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009).

## III. ANALYSIS

First, we address the prosecution's argument that the trial court should not have granted defendant's motion for relief from judgment on the basis of a change in law when defendant only argued that he was entitled to relief from judgment on the basis of new evidence. To accept the prosecution's argument would require this Court to read language into two court rules: MCR

---

[2] The prosecution also argues that the trial court abused its discretion by concluding that defendant demonstrated entitlement to relief on the merits under MCR 6.508(D)(2) because of the Michigan Supreme Court's decision in *Beck*. In *Beck*, our Supreme Court held that acquitted conduct may not be used to increase a defendant's sentence. *Beck*, 504 Mich at 629. The Court reasoned that "[t]o allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself." *Id*. at 626-627 (quotation marks and citation omitted). However, we decline to address this argument on appeal because the trial court did not base its decision on *Beck*, and this Court need not consider an issue that was not the basis of the trial court's decision. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004).

6.502(G), which concerns a preliminary showing, not the ultimate burden; and MCR 6.508(D), which requires the defendant to establish entitlement to "the relief" but does not require the defendant to identify under which exception defendant is seeking that relief.

This Court applies the same legal principles when interpreting court rules as it does to interpreting statutes. *Williams*, 483 Mich at 232. When interpreting a court rule, this Court first considers the rule's plain language. *Id*. If the plain language is clear, this Court will not engage in further construction or interpretation. *Id*. This Court generally gives words their plain and ordinary meanings. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). This Court will not add language to an unambiguous court rule. See *People v Petit*, 466 Mich 624, 633; 648 NW2d 193 (2002).

MCR 6.502(G) provides in pertinent part:

> (1) Except as provided in subrule (G)(2), . . . one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. . . .

> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. . . .

Accordingly, before a trial court may consider a successive motion for relief from judgment, the defendant must make a threshold showing that the motion is brought on the basis of a retroactive change in law, that there is new evidence that was not discovered before the first motion, or that there is a significant possibility that the defendant is actually innocent. *People v Swain*, 288 Mich App 609, 632; 794 NW2d 92 (2010). After a defendant meets this threshold, the defendant may be entitled to relief from judgment if good cause and actual prejudice warrant granting relief. *Swain*, 288 Mich App at 632. The defendant has the burden to establish entitlement to relief from judgment. *Id*. Michigan imposes the burden of establishing an entitlement to postconviction relief on the defendant because Michigan has a significant interest in the finality of judgments and preservation of scarce judicial resources, and "collateral attacks threaten such finality[.]" *People v Carpentier*, 446 Mich 19, 37; 521 NW2d 195 (1994).

We conclude that the prosecution's argument lacks merit because MCR 6.502(G) concerns a threshold showing, not the defendant's ultimate burden. MCR 6.508(D) provides, "The defendant has the burden of establishing entitlement to the relief requested." However, MCR 6.508(D) only becomes relevant *after* the defendant has made a preliminary showing under MCR 6.502(G). See *Swain*, 288 Mich App 632-633. MCR 6.502(G) makes no reference to defendant's burden to establish entitlement to relief. Moreover, accepting the prosecution's argument would require this Court to read language into MCR 6.508(D) as well. When determining the meaning of terms, every word, phrase, and clause must be given effect. *Morey*, 461 Mich at 330. Language must be considered in context, considering its placement and purpose in the general scheme. *Id*.

MCR 6.508(D) provides, "The defendant has the burden of establishing entitlement to the relief requested." This rule contains no language requiring the defendant to particularly identify

the exception to the rule against successive motions under which the defendant is requesting relief. This Court would have to read language into the court rule to require that defendant identify a particular exception when that requirement does not exist in the rule's plain language. We decline to do so.

The context of the court rules in general supports that MCR 6.508(D) does not require the defendant to particularly identify under which exception defendant seeks relief. When language is included in one part of a scheme but omitted in another, this Court assumes that the omission was intentional. *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). MCR 2.112(B)(1) requires a party plead fraud "with particularity." In contrast, MCR 6.508(D) does not require the defendant plead entitlement to relief with particularity. The use of this language in one area of the court rules but not MCR 6.508 supports that a defendant seeking relief from judgment is not required to state with particularity which ground supports the request for relief.

In this case, the trial court "recognize[d] that [d]efendant was not able to adequately legally articulate his argument as to why his changed circumstances should allow the Court to reconsider his situation . . . ." It opined that defendant had asserted that an exception in MCR 6.502(G)(2) applied, and therefore the court was required to determine whether his motion fell within one of the exceptions. We find no error in the trial court's decision. The relief defendant requested was resentencing. The basis for defendant's argument was that, following the order of the United States District Court that vacated his assault and conspiracy convictions, he should be allowed to challenge his sentence "based on the fact that the old scores are founded upon evidence that is no longer applicable to [d]efendant's circumstances." MCR 6.502(G) did not require defendant to meet his ultimate burden as part of his preliminary showing, and while MCR 6.508(D) requires the defendant to establish entitlement to relief, it does not require defendant to state with particularity under which subrule the defendant is seeking that relief. Furthermore, because defendant was *in propria persona*, he was entitled to an even greater degree of lenity and generosity in construing his pleadings than would be a lawyer. *Estelle v Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976).

Generally, a trial court may address an issue sua sponte if the court provides the parties with notice and an opportunity to be heard on the issue. *Lamkin v Hamburg Twp Bd of Trustees*, 318 Mich App 546, 550; 899 NW2d 408 (2017). See also *People v Curtis*, 389 Mich 698, 711; 209 NW2d 243 (1973). In this case, the prosecution was not deprived of notice and an opportunity to be heard regarding whether defendant was entitled to file a successive motion for relief from judgment on the basis of a retroactive change in law. Indeed, defendant asserted that the United States District Court's decision to grant him relief on his habeas corpus petition was the basis for his claim for relief. The prosecution responded that defendant had not established a retroactive change in law *or* newly discovered evidence. The prosecution argued in part that the order granting in part habeas relief to defendant was not a change in the law by the definition of "law," and that a change in law did not mean the change in the application of law in an individual case. The prosecution had notice and the opportunity to be heard concerning whether a change in law supported defendant's motion. Thus, we cannot conclude that the trial court abused its discretion by recharacterizing defendant's arguments and then granting relief on that basis.

We next address the prosecution's argument that the trial court erred by concluding that the order granting defendant habeas relief constituted a retroactive change in the law of defendant's

case that warranted relief under MCR 6.502(G). The prosecution argues that a retroactive change in the law under MCR 6.502(G) can only be the retroactive change in a law of general application, not a change in the law of a defendant's case. We agree.

MCR 6.502(G)(2) provides, "A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." MCR 6.502(G)(3) provides:

> For purposes of subrule (G)(2), "new evidence" includes new scientific evidence. This includes, but is not limited to, shifts in science entailing changes:
>
> > (a) in a field of scientific knowledge, including shifts in scientific consensus;
> >
> > (b) in a testifying expert's own scientific knowledge and opinions; or
> >
> > (c) in a scientific method on which the relevant scientific evidence at trial was based.

We conclude that the trial court erred by holding that the order granting defendant habeas relief was a "retroactive change in law" for the purposes of MCR 6.502(G) because this phrase is a legal term of art with a particular meaning that does not include a change in the law of a case. This Court may consult a dictionary to determine the meaning of undefined terms. *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013). However, "technical words and phrases that have acquired a peculiar and appropriate meaning in law shall be construed and interpreted in accordance with that meaning." *Id.* See also *People v Flick*, 487 Mich 1, 11; 790 NW2d 295 (2010).

In this case, the trial court determined that defendant's vacated convictions were a retroactive change in law. It reasoned that the definition of law was broad in both legal and general dictionaries. The trial court separately considered the word "retroactive," and concluded that it has a broad meaning. It found that interpreting the word "law" to include the law of the case was consistent with the purposes of MCR 6.502(G)(2), which limited a defendant's ability to bring successive motions for relief when the challenged error could have been raised in an initial motion.

However, because the term "retroactive change in law" is a legal term of art, the trial court erred by breaking apart the words that comprise this phrase and by not construing this phrase consistent with its legal meaning. A large body of law is devoted to determining whether a change in law applies retroactively to a criminal case on collateral review. See, e.g., *People v Barnes*, 502 Mich 265, 267-269; 917 NW2d 577 (2018); *People v Maxson*, 482 Mich 385, 397-392; 759 NW2d 817 (2008). This body of law specifically focuses on whether a change in law should be applied in the context of MCR 6.502. *Barnes*, 502 Mich at 269; *Maxson*, 482 Mich at 387. There are distinct tests to determine whether something is a "retroactive change in law," including whether the new rule concerns private individual conduct beyond criminal lawmaking authority and whether it concerns procedures that are "implicit in the concept of ordered liberty." *Maxon*, 482 Mich at 388 (quotation marks and citation omitted). To determine whether a new rule of criminal

procedure is retroactive, this Court applies a three-factor test that considers the purpose of the new rule, the reliance on the old rule, and the effect of retroactive application of the new rule. *Id*. at 393. None of these tests can be sensibly applied to a change in the law of a specific defendant's case.

The definitions of the word "retroactive" support this interpretation. Retroactive means "extending in scope or effect to matters that have occurred in the past." *Black's Law Dictionary* (11th ed). Retroactivity is "[t]he quality, state, or condition of having relation or reference to, or effect in, a prior time; specif., (of a statute, regulation, ruling, etc.) the quality of becoming effective at some time before the enactment, promulgation, imposition, or the like, and of having application to acts that occurred earlier." *Black's Law Dictionary* (11th ed). *Black's Law Dictionary* provides the following note concerning retroactivity:

> " 'Retroactivity' is a term often used by lawyers but rarely defined. On analysis it soon becomes apparent, moreover, that it is used to cover at least two distinct concepts. The first, which may be called 'true retroactivity,' consists in the application of a new rule of law to an act or transaction which was completed before the rule was promulgated. The second concept, which will be referred to as 'quasi-retroactivity,' occurs when a new rule of law is applied to an act or transaction in the process of completion . . . . [Quotation marks and citation omitted.]

The law of the case doctrine "provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994). The law of the case doctrine concerns specific issues in single cases, not rules of law generally. Because the phrase "retroactive change in law" is a technical phrase, we conclude that the trial court should have construed and interpreted this phrase in accordance with its particular legal meaning. The trial court's decision that a retroactive change in the law includes the change in the law of a case is not consistent with the tests for retroactivity or the legal definition of retroactivity.

However, we further conclude that the trial court's error was harmless. This Court will not modify a decision of the trial court on the basis of a harmless error. MCR 2.613(A). Likewise, this Court will not reverse if the trial court reached the correct result for the wrong reason. *People v Lyon*, 227 Mich App 599, 612-613; 577 NW2d 124 (1998). Similar to its interpretation of the term "retroactive change in the law," the trial court's interpretation of "new evidence" failed to consider the use of this phrase as a legal term of art. We conclude that when interpreted as a legal term of art and considered in context with MCR 6.502(G)(3), a federal court's habeas decision may constitute new evidence that could warrant revisiting the court's initial judgment.

In this case, the trial court ruled that a newly released judicial decision was not "evidence" because "evidence" could not include a judicial opinion. The trial court erred by not considering the legal definition of new evidence and applying new evidence rules to defendant's request for relief. Evidence is "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered

to prove the existence or nonexistence of a fact[.]" *Black's Law Dictionary* (11th ed).[3] The explanatory note provides that evidence broadly means anything from which an inference can be drawn, or that establishes or disproves an alleged fact. *Black's Law Dictionary* (11th ed). A defendant may challenge the factual accuracy of information on which the sentencing court relies, and the trial court must resolve such challenges. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2012). Additionally, the trial court makes findings of fact to support offense variable scores at sentencing. *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). A federal court's decision that defendant should not have been found guilty of things on which his OV scores were based tends to disprove the factual accuracy of the PSIR and would affect the trial court's factual findings at sentencing. Therefore, it falls within the definition of "evidence."

The language of MCR 6.502(G)(3) also supports a conclusion that new evidence is not solely limited to evidence that could have been admitted at trial. Language must be considered in context, considering its placement and purpose in the general scheme. *Morey*, 461 Mich at 330. MCR 6.502(G)(3) provides that "new evidence" includes shifts in scientific consensus, shifts in a testifying expert's knowledge or opinions, and shifts in the scientific method on which scientific evidence at trial was based. If a change in scientific consensus, which necessarily occurs after trial, may constitute new evidence, then the vacating of a conviction after a trial may also constitute new evidence.

A trial court may grant a defendant a new trial on the basis of newly discovered evidence, but this does not negate the parties' responsibility to "use care, diligence, and vigilance in securing and presenting evidence." *People v Grissom*, 492 Mich 296, 312; 821 NW2d 50 (2012) (quotation marks and citations omitted). To establish that newly discovered evidence warrants a new trial, the defendant must establish that

> (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. [*Id*. at 313 (quotation marks and citations omitted).]

This four-part test applies regardless of whether a defendant is seeking a new trial or relief from judgment under MCR 6.502. See *People v Rogers*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 336000); slip op at 9.

Although the prosecution argues that this test cannot apply to a request for resentencing, MCR 6.508(D) does not support the prosecution's argument. Actual prejudice supporting relief from judgment *may* include that a defendant would have had a reasonably likely chance of acquittal, MCR 6.508(D)(3)(b)(*i*)(A), and actual prejudice may also include that, "in the case of a challenge to the sentence, the sentence is invalid," MCR 6.508(D)(3)(b)(*iv*). We conclude that

---

[3] Additional definitions of evidence include "[t]he collective mass of things, esp. testimony and exhibits, presented before a tribunal in a given dispute," "fact in evidence," and the body of law regulating what is admissible in a proceeding. *Black's Law Dictionary* (11th ed).

although the test is usually focused on evidence produced at trial, and therefore whether that would make a different result probable on retrial, when a defendant's requested relief is resentencing, the prejudice portion of the test would be whether the party could not have produced the evidence at sentencing and that the evidence would make a different result probable on resentencing.

The order from the United States District Court for the Eastern District of Michigan vacating defendant's assault and conspiracy convictions falls within this test, as applied to defendant's requested relief. The fact that defendant should not have been convicted of any assault offenses, and because his sentences for his other convictions relied on the now-vacated assault and conspiracy convictions, constitutes newly discovered evidence. This evidence was not cumulative, defendant could not have produced the evidence at the time of sentencing, and the new evidence would make a different result probable on resentencing. Thus, the trial court erred by failing to find that defendant's successive motion for relief from judgment should have been granted on the basis of newly discovered evidence, that evidence being the habeas relief granted to defendant by the United States District Court for the Eastern District of Michigan.

Briefly, we note that as an alternative ground to affirm, defendant argues that the trial court did not abuse its discretion by granting his successive motion for relief from judgment because good cause warranted granting relief. However, where good cause or actual prejudice are not independent bases to grant relief from judgment, *Swain*, 288 Mich App at 632, this argument lacks legal support.

Defendant also argues as an alternative ground to affirm that the high possibility that he was actually innocent warranted granting relief from judgment. Again, we reject this argument because whether defendant was actually innocent of assault is a separate issue from whether defendant was actually innocent of witness intimidation or procuring perjury, which were the convictions on which he sought relief from judgment. Furthermore, the United States District Court did not find that defendant was actually innocent, but rather that the prosecution had not introduced sufficient evidence to support his assault charges. "Actual innocence" generally entails some new evidence that tends to affirmatively undermine confidence in the outcome of the proceedings. See *Schlup v Delo*, 513 US 298, 316; 115 S Ct 851; 130 L Ed 2d 808 (1995). More importantly, our Supreme Court has observed that "doubt about credibility is not a substitute for evidence of guilt." *People v Wolfe*, 440 Mich 508, 519; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Analogously, doubt about guilt, even serious doubt about guilt in combination with an error-riddled trial, does not *per se* establish actual innocence. See *People v Coy*, 243 Mich App 283, 313; 620 NW2d 888 (2000).

MCR 6.502(G)(2) provides that "[t]he court may waive the provisions of this rule if it concludes that there is a significant possibility that the defendant is innocent of the crime." In this case, defendant sought relief because his sentencing guidelines for witness interference and procuring perjury were incorrectly assessed on the basis of acquitted conduct. The United States District Court for the Eastern District of Michigan rejected defendant's arguments that insufficient evidence supported his convictions of witness interference or procuring perjury, and this Court had previously rejected the same. See *Owens*, unpub op at 13-14. Defendant was not entitled to relief from judgment on the basis of actual innocence because the vacated assault and conspiracy convictions were distinct from the convictions for which defendant sought relief in his motion.

On the basis of the foregoing, we affirm, and further conclude that the trial court shall continue the appointment of appellate counsel for resentencing.

/s/ Kathleen Jansen
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause